## DENSON & WIFE *vs.* AUTREY'S Ex'r.

21 205
98 431

1. A testator, under our statute, can only defeat his heirs at law or distributees by making a distribution of his property; and if any portion of it remain undisposed of by will, the heirs at law or next of kin are entitled to it, notwithstanding it may appear that the testator did not intend that they should succeed to it.

ERROR to the Court of Probate of Monroe.

E. W. ROBERTS, for plaintiff in error:

When there is a complete will, the heirs of the testator take the residuum of the estate, if any be left not disposed of by the will, as if it had been actually given to them; therefore, a child that has been advanced by his father in his life, or provided for in the will, cannot be called upon to bring his share into hotchpot. 2 Will. on Executors, 2 American from second and last London ed. 1070; Walton v. Walton, 14 Vesey, 324.; 2 P. Williams, 440, 446; Prec. in Chancery, 169. The law of hotchpot only applies to cases of actual intestacies, (Clay's Dig. 197, § 25), the reason of the law being to make all the children of an intestate equal. This,

in partial intestacies, entirely fails. The reason of the law failing, the law itself ought to fail. 1 Black. Com. 61.

The third clause of this will, in effect, bequeaths the two negroes, Edy and Mariah, and their increase, to Mrs. Denson; they are, therefore, a bequest, and not an advancement. Plaintiffs are entitled to their distributive share of the residuum of testator's estate not disposed of by his will, because, the statute of descents declares, that when any person shall die seized of an estate, &c., not devised, the same shall descend to his or her children, in equal parts. Clay's Dig. 168, 2. And this statute applies equally to personal property. Clay's Dig. 191, § 1; 10 Ala. 662. These statutes are not confined to cases of actual intestacies only, but extend to all cases of goods, chattels and personal estate not bequeathed. Harrison v. Harrison, 9 Ala. 476. Effect cannot be given to the third clause of this will, to exclude plaintiffs from their distributive share of the residuum of testator's estate not disposed of by the will, because it is negative in its terms, and does not amount to a gift of the property in question to any person. The only mode of excluding the title of whomsoever the law, in the absence of disposition, constitutes the successor to the property, is to give it to some one else. 1 Jarman on Wills, 294. It is true that the intention of a testator must prevail, but it must be confined to the subject matter of the will, and cannot be extended so as to embrace other property than the subject of the will.

A will, to be valid, must be dispositive or revocative, and not negative; for negative words do not amount to a gift, and cannot exclude the heir or next of kin. 2 Jarman on Wills, 21; Goodtitle v. Bailey, B. P. C, Toml. ed. 454; but see 573, 575, S. C. cited, 2 Mer. 348; Johnson v. Johnson, 4 Beav. 318.

The law having provided a definite successor to the property, will not suffer rights thus ascertained to be superseded by others not pointed out by the testator with equal distinctnesss. 1 Jarman on Wills, 316–17, and cases cited.

Effect cannot be given to the third clause in this will, to exclude plaintiffs from their distributive share of the residuum of the testator's estate, because the statute declares that it shall descend in equal parts, which would not be the case if

plaintiffs were excluded altogether; nor would it be divided as the estate of an intestate.

R. C. Torrey, *contra:*

1. The statute (Clay's Dig. 597, § 7,) was intended to prevent the executor from claiming the residue of the estate, as he otherwise might by the rule of the common law. 2 Lomax on Exrs. 183–4; Will. on Exrs. 898–9, 2d ed. 1049–50.

2. The intention of the testator to exclude Mrs. Denson is clear, and he had that right, notwithstanding the language of the statute. Blakeney v. Blakeney, 6 Por. 119; 3 U. S. Dig. 484, §§ 63, 64, 65. The third clause of the will, not being contrary to law, must be carried out. Leavens & Malone v. Butler and wife, 8 Por. 380. The letter of the statute must yield to the testator's intentions. Same case, 392–3; Heirs of Capel v. McMillan, 8 Por. 197; 17 Ala. 396, 84; 18 ib. 819.

3. The court ruled correctly as to the necessity of Mrs. Denson bringing into hotchpot the advancement she received from her father in his lifetime, because the equity of the statute requires it, though the language of the statute (Clay's Dig. 197,) refers to the children of a person dying intestate. 2 Lomax on Exrs. 184.

DARGAN, C. J.—William Autrey, by his will, devised to his wife certain real and personal property during her life, and after her death, to his son John. He also gave his son Alexander certain other property, and charged his two sons with the payment of three legacies, of one hundred and fifty dollars, each, in favor of his grand-children, to-wit: Joel W. Lee, William C. Ross and Sarah E. Ross. The third clause of his will is in the following language: "My will is, that my daughter, Uravia Denson, shall have no more than the two negroes, and their increase, that I have given her, viz: Edy and Mariah."

The will specifies all the property given by it, but makes no disposition of the residue. The executor and executrix filed an inventory of the property of the testator, from which it appears that the testator had considerable property at the time of his death, not disposed of by will; and the debts

being paid, Mrs. Denson and her husband filed their petition in the Probate Court, praying a distribution of the property not disposed of by the will. It was objected, that she was excluded, by the terms of the will, from all interest in the property of the testator, even though not disposed of by the will, and this objection was sustained by the court, and the petition was dismissed. To reverse the action of the court in dismissing the petition, the cause is brought before us by writ of error.

The rule of law was, that if there remained a residue, after the payment of all debts and legacies, it belonged to the executor, and he could not be compelled to distribute it, unless, from the whole will, there was a strong presumption, or a necessary implication, that the testator intended to confer on his executor the office only, and did not intend that he should take any beneficial interest in the residue. 2 Will. on Exrs. 898–9. But, by our statute, it is declared, that all such estate, real and personal, as is not devised or bequeathed by the last will and testament of any person, shall be distributed in the same manner as the estate of an intestate, and the executor or executors shall administer the same accordingly. Clay's Dig. 597. Under this act, it is very clear that Mrs. Denson would be entitled to her distributive share of the property not disposed of by the will, unless she is to be excluded by the will itself, and I am very clearly of the opinion, that she is not excluded.

When no disposition is made of property by will, the law designates who shall take or succeed to it, and I do not see how a testator can control the law, otherwise than by disposing of the property. Suppose a father should, by will, merely provide for the payment of his debts, and then declare that neither his heirs at law nor his distributees should have any of his estate, whether real or personal, who would take the surplus, after the payment of his debts? To hold that his heirs and next of kin should not take, would not only defeat the statute, but would leave the surplus without an owner.

But it is contended, that the will of the testator clearly shows that it was the intention of the testator that Mrs. Denson should only take, of his whole estate, the two slaves named in the third clause, and that being the intention, the residue

not disposed of by the will should go to the other distributees, excluding her    But the answer to this is, that the other distributees cannot claim the residue under the will.    The will gives them no title to it, and they must resort to the statute we have referred to, as the source of their title; and looking to that act, they can claim only a distributive share, and all who are distributees can claim with them.    The intention of the testator can only affect property upon which the will operates; and even if it should appear that the ancestor did not intend that his heir should take either by will or inheritance, yet if he makes no devise of his land, the heir will take by inheritance.    Goodtitle on demise of Baily v. Pugh, 3 Brown P. C. Toml, ed. 454; 2 Jarman on Wills, 21; 2 Mer. 348.    So, in reference to personal property: if a bequest be so uncertain that it is void, the next of kin will take, although it be apparent that the testator did not intend that the property should go to any other use than that named in the will.    Williams v. Kershaw, 5 Clark & Finly, 111; 3 Leigh, 450.    Indeed, to defeat the heir at law or the distributees under the statute, the property must be disposed of by will, and mere words of exclusion, without a disposition of the property, cannot have that effect, for the property not being devised or bequeathed, the statute then designates who shall take.

In the case before us, there is some property not disposed of by the will; that portion, therefore, must be distributed according to our statute of distribution, and as Mrs. Denson is one of the distributees of the testator, she is entitled to a distributive share.

This is the only question we feel at liberty to decide in the present condition of the cause; and as the ruling of the court was opposed to the view we take of the law governing the case, the decree must be reversed, and the cause remanded.