# Banks & Wife *v.* Sherrod *et al.*

*Bill in Equity to charge Realty with Payment of Legacy.*

1. *Minor; testamentary capacity of.* — A minor has not testamentary capacity to devise land, or to charge it with payment of legacies.

2. *Same.* — Under our statutes, a minor over eighteen years of age may make a valid bequest of personalty or subject it to the payment of legacies; but on failure or insufficiency of personalty the legacy cannot become a charge on the realty which descends to the heir.

3. *Will; decree probating; what conclusive of.* — A decree of probate of a will which disposes of personalty only, although it incidentally alludes to testator's realty — *e. g.*, as that none of it be sold to pay legacies — is conclusive only of its *factum* and validity as a will of personalty.

4. *Practice.* — Practice suggested as to probate of a will of a minor disposing of personalty.

APPEAL from Lawrence Chancery Court.

Heard before Hon. R. L. WATKINS.

This was a bill in equity filed by the appellants, Sophia Gibson, and Robert W. Banks, and Alice C., his wife, against Walter S., and W. C. Sherrod, and E. P. Shackleford, the appellees, seeking to charge certain lands with the payment of

pecuniary legacies given by the will of Henry C. Sherrod, who at the time of his death was seized in fee of an undivided half interest.

The material facts of the case may be thus stated. Henry C. Sherrod, by last will and testament, made in June, 1860, bequeathed to Alice Banks, in her maiden name of Alice C. Sherrod, ten thousand dollars, and by a codicil, on the 16th day of the same month, bequeathed five thousand dollars to Sophia Gibson. It is provided in the codicil that in event the crops shall not be sufficient to pay the legacies in three years, that " whatever the crop shall fall short in payment of the legacies shall bear interest and be payable out of the succeeding crops ; that the crops shall be applied *pro rata* to the payment of each legacy, and that no part of the property real or personal shall be sold to pay said legacies, but they shall be paid from the crops." No disposition or mention of real estate is made by the will or codicil, except the requirement that it shall not be sold to pay legacies, and the provisions of it relate solely to the above bequests, and the nomination of an executor.

At the testator's death, his brother, the defendant Walter S., was his sole heir, and the testator and his brother jointly were seized in fee of the lands in question, and owned a large number of slaves, mules, farming implements, and other personal property, situate in Lawrence county, where the testator resided at his death. At the making of the will, as well as at the time of the testator's death on the 17th day of June, 1860, he was a minor over eighteen, and under twenty-one years of age.

On the 13th of August, 1860, on the application of Benjamin Sherrod, who was nominated executor, the will was duly established, probated and admitted to record by decree of the probate court. The decree, however, is entirely silent as to the age of the testator, and after reciting the day set for the hearing of the application, the appointment of a *guardian ad litem*, service of notice upon the persons named as legatees, due publication, &c., and the proof taken as to the execution of the will, and the soundness of testator's mind, concludes as follows : " It is thereupon considered, adjudged and decreed, that said instrument of writing is fully proven and established to be the last will and testament, and codicil to the same, of Henry C. Sherrod, deceased, and is ordered to be admitted to record, and filed as such," &c. The executor qualified, took possession of sufficient personalty with which he paid the debts, an ample residue of personalty being left to pay the legacies. He died shortly after this, and up to the filing of the bill no successor had been appointed. The slaves were emancipated, and all the other personalty taken off or destroyed during the late war. The bill alleges that Walter S. was in possession of the lands

[Banks v. Sherrod.]

from 1861 to 1867, and received the crops grown thereon, until in that year he executed a deed of trust to Shackleford, to secure certain debts to W. C. Sherrod, &c., " both of whom well knew at the time that the same was subject to the payment of complainant's legacies." The receipt of these crops by Walter S. is denied by respondents, and he in his answer, by way of cross-bill, sought to reopen and assail in the chancery court the probate of the will, and have the same vacated and annulled, &c. The allegations of the cross-bill and the proof on these points are, however, not material in the view which the court took of the cause.

A demurrer was sustained to the cross-bill so far as it sought to assail and reopen the probate of the will, and overruled " so far as it seeks to preclude said Walter S. Sherrod's allegations to the effect that said Henry C., at the time of his death, and at the dates of the last will and testament, and codicil, was a minor under twenty-one years of age;" and the chancellor (Hon. R. S. WATKINS) holding that the proof established that the testator at the time of the making of the will as well as at the time of his death, was over eighteen, but under twenty-one years of age, held the will valid as to the personalty, but void and inoperative as a disposition of the lands, incapable of devising them, or creating a charge upon them, or any interest descendible to the heir, and accordingly dismissed the bill.

The chief errors assigned are that the court dismissed the bill, and entered into an inquiry as to the age of the testator notwithstanding the decree of probate of the will.

E. H. FOSTER AND H. C. SPEAKE, for appellants, filed an elaborate brief in support of all the propositions of law essential to the relief sought by the bill. As the cause was decided upon a single point, the argument on that alone is given. As to the conclusiveness of the decree probating the will they argued as follows: In matters of this sort the jurisdiction of the probate court is original, plenary and unlimited. 10 Ala. 977 ; 36 Ala. 599 ; *Hall's Heirs* v. *Hall*, 43 Ala. 290. The age of a testator as well as his mental capacity is a *jurisdictional* fact. The above cases fully show that the probate court in the exercise of this jurisdiction is a court of general and superior jurisdiction, and when it has passed judgment, and the *jurisdiction* appears of record, the judgment is *conclusive*, as to all other courts, until set aside or reversed, and cannot be impeached for any irregularities which may have intervened after the jurisdiction attached. This is a well established principle in this State, never deviated from since *Wyman* v. *Campbell*, 6 Porter, 219. A superior court acts by right and not by wrong, and in regard to such court, every presumption is made in favor, not only of

its proceedings, but of its jurisdiction. See *Grignon* v. *Astor*, 2 How (U. S.) p. 341. *Morgan* v. *Burnett*, 18 Ohio, 535 ; *Wright* v. *Watson*, 11 Humph. 529 ; *Woods* v. *Crawford*, 18 Geo. 526 ; *Sherman* v. *Stillman*, 4 Cowen, 294. As all things must be presumed to have been correctly done by the probate court in probating the will of H. C. Sherrod, it must be presumed that proof was made of his full age and general testamentary capacity — nor is it necessary that it shall appear in the record that such proof *was* made. This certainly is not a jurisdictional fact. 1 Brickell's Dig. p. 439, § 169. In *McGrew* v. *McGrew* (*supra*), the following language is used by the court : " We must presume that a court of competent jurisdiction acted correctly, unless the contrary appears ; *that it had sufficient evidence to authorize an allowance of the will.*" For this general principle, see also 1st Jarman on Wills, 212 ; 1 Williams on Ex'ors, 368. And where we find in other States, courts of probate with jurisdiction and power similar to our own, the same principles are recognized, and the judgments of such courts in the probate of wills, is conclusive of the questions of the power and capacity of devising ; the sanity of the testator, the due attestation and all questions relating to the validity of the will.

WILLIAM COOPER and W. P. CHITWOOD, *contra.*

BRICKELL, C. J. — By the common law infants were incapable of devising real estate. Females of the age of twelve years, and males of fourteen, could make a valid disposition of personal estate by will. 1 Jarman on Wills, 29. Testamentary capacity is fully defined by the statutes of this State. " Every person of the age of twenty-one years, of sound mind, may devise by his last will his lands, tenements, or hereditaments, or any interest therein, descendible to his heirs." R. C. § 1910. " All persons over the age of eighteen years, of sound mind, and no others, may also by their last will, dispose of all their personal property." R. C. § 1916. The statutes observe the distinction between a devise of real estate and a bequest of personalty, recognized at common law, effecting a change only as to the age at which capacity to make a disposition of personalty is imputed.

The law, and courts of justice, pursuing its spirit and maxims, have always favored heirs. They are appointed by the law to succeed to the estate of which a valid disposition is not made by will. " Plain words are required to disinherit them." Though it may appear the testator did not intend that his heir or next of kin should take his estate, real or personal, and intended to exclude them from succession to it, yet, if he fails

[Banks v. Sherrod.]

to make a valid devise or gift to another, they will take under the statute of descents and distributions. *Denson & Wife* v. *Autrey*, 21 Ala. 205. Nor is it every testator who can disappoint his heir or next of kin. If the subject of the devise is real estate, he has not power to deprive the heir of the inheritance the law confers, unless he is of the age of twenty-one years and of sound mind. If the subject of the gift is personal property, the testator must be over the age of eighteen years and of sound mind, or the appointee of the law will take under the statute of distributions.

The object of the bill is to charge the lands of the testator with the payment of pecuniary legacies given by his will. At the making of the will, and at the time of his death, the testator, though above the age of eighteen years, was under the age of twenty-one years. The capacity to devise lands, conferred by our statute, includes the creation of all charges on real estate by last will. The statute not only limits the power to devise real estate, to persons who are of sound mind and of full age, but goes further, and expressly declares that which would have been matter of necessary intendment, that " all property not disposed of by will must be administered and distributed, as in case of intestacy, by the executor or administrator with the will annexed." R. C. § 1917. A charge of legacies on lands must be a devise, a disposition of the lands, or the statute intervenes, and declares they must pass as in case of intestacy.

If such is not the effect of the statutes, it is vain to fix the age of twenty-one years as an element of the capacity to devise lands. A testator having capacity to dispose of personalty only, could, by pecuniary legacies chargeable on his lands, as certainly and effectually disappoint and disinherit his heir as by an express devise to another. Thus indirection would evade and defeat the statute and its policy. The testamentary power of one who has not attained full age is confined to his personal property ; when that fails, or is exhausted, his power is exhausted. If that is insufficient to meet the bequests and legacies he may make by will, they fail. The lands of the testator he had no power to touch. The law reserves to itself the manner of their disposition. No legacy or charge he may create by will can be visited on them.

It is said that the decree of probate is conclusive of the testamentary capacity of the testator, and therefore conclusive of his power to charge his real estate with the payment of pecuniary legacies. To this proposition we cannot assent. The will nominates an executor, and disposes of personal property only. It does not devise, or purport to devise, real estate, or any interest therein. As a will of personalty, the probate is

[Rhodes v. King.]

conclusive of its *factum* and validity. Its validity as a will of personal property is the only inquiry on which the court of probate could have entered or passed in decreeing probate. The legal operation and effect of the will on real estate was not a question before the court of probate, or on which it had jurisdiction to pass. The decree of probate cannot of consequence be regarded as an adjudication of the question now presented. The will disposing of personal property only, its probate was unavoidable, the testator being of the age of eighteen years. It would probably have been better if the decree of probate had been qualified and limited by an express statement of the age of the testator, and that probate was granted of it as a will of personal property only. Whatever may be the form of the probate, it settles no question as to the power of the testator over his real estate. That question arises only when the operation of the will as affecting real estate is involved. *Baker* v. *Chastang*, 18 Ala. 417; *Osgood* v. *Breed*, 12 Mass. 525.

The testator not having capacity by reason of his infancy to charge real estate with the payment of legacies, we have not considered whether in any event lands descended could be charged with the payment of the legacies to appellants.

The decree of the chancellor is affirmed.