| 82  | 123 |
| 136 | 377 |

# Johnson *v.* Holifield.

### *Final Settlement of Executor's Accounts.*

1.   *Void and lapsed legacies and devises; rights of residuary legatee and heir at law.*—When a testator fails to make a valid and effectual disposition of all his property, the disposition of the residue is governed by statutory provisions.   If the part undisposed of is personal property, it goes to the residuary legatee, or, if there is none, to the next of kin under the statute of distributions; while real property, so undisposed of, descends to the heir at law

2.   *Same; proceeds of land ordered to be sold.*—When lands are ordered by the will to be sold, the proceeds of sale are regarded as personalty only for the purposes of the will, unless a different intention is clearly indicated; and consequently, a void bequest, payable out of the proceeds of land ordered to be sold, goes to the heir at law, and not to the residuary legatee; though, under statutory provisions (Code, §§ 2276-7), the residuary devisee would take in default of heirs.

3.   *Liability of executor for interest.*—An executor is not chargeable with interest when, his affidavit denying the use of the funds being contested (Code, § 2520), it is shown that he has always kept the amount on hand ready for distribution, part of the time on deposit in bank, and part of the time with a partnership of which he was a member; nor is he chargeable with interest on account of delay in the distribution of the fund, when it is shown that the delay was caused by litigation among the rival claimants.

4.   *Costs and expenses of litigation, and commissions of executor; out of what fund payable.*—The costs and expenses attending litigation respecting a particular fund in the hands of an executor, between the specific legatee, the residuary legatee, and the heir at law, and also the commissions of the executor for receiving and disbursing the money, are properly payable out of the fund, and not out of the estate generally.

APPEAL from the Probate Court of Lee.

Heard before the Hon. THOS. L. FRAZER.

In the matter of the final settlement of the accounts and vouchers of Joseph A. Holifield, as executor of the last will and testament of Mrs. Mary F. McLemore, deceased, to which he was cited by Mrs. Lucy A. Johnson, the residuary legatee under the will.   The will of Mrs. McLemore was admitted to probate, in said county of Lee, and letters testamentary granted to said Holifield as executor, on the 14th August, 1882.   The citation for a settlement was issued on the 18th March, 1885 ; and the executor's account was filed for settlement on the 18th June, 1885.   The death of Mrs. Johnson being suggested, A. O. Johnson was appointed administrator *ad litem* to represent her estate, and a guardian

*ad litem* was appointed for several infant heirs and distributees.

The executor made the statutory affidavit (Code, § 2520), alleging that he had not used the funds of the estate for his own purposes ; and the affidavit was contested by the administrator *ad litem*. Thereupon, as the bill of exceptions states, the executor testified in his own behalf, "that after his appointment as executor he deposited all the funds belonging to the estate in the First National Bank of Montgomery, to his credit as executor; that on the 10th October, 1884, he drew the funds out of the bank, in order to pay $2,500 to one of the legatees, and paid over said sum on that day ; that he then deposited the balance in his hands, to his credit as executor, with the firm of J. A. Holifield & Co., a partnership composed of himself and one Gullatt; that the funds so deposited went into the cash account of the firm, and they always kept a sum of money sufficient to pay these funds, subject to the order of the executor ; that neither he nor said firm ever used this money, or any part of it ; that he afterwards sold some cotton of his own, for gold coin, and, out of the proceeds of this cotton, took the amount due the estate in coin, in place of the amount he had deposited, and this he had set apart in the particular coin then received, and had kept it separate ever since, awaiting the decision of the court and an order to distribute." The litigation growing out of the 11th item of the will, hereinafter mentioned, was also proved ; but the dates of the several decisions are left in blank in the bill of exceptions. On this evidence, the administrator *ad litem* moved the court to charge the executor with interest "on the several sums received by him, from the times they were received, to the date of this settlement;" which motion the court overruled, and the administrator excepted. The administrator then moved the court to charge the executor with interest "on the balance in his hands, from the 14th February, 1884," which was eighteen months after the grant of letters testamentary ; and he duly excepted to the overruling of this motion.

By the 10th item of her will, the testatrix bequeathed to Mrs. Lucy A. Johnson "the sum of $800, from the proceeds of my real estate in the city of Birmingham." By the 11th item, she bequeathed the sum of $1,000 to the "Commissioners of Roads and Revenues of the county of Chambers, and their successors in office, or to such authority as may control and direct the finances of said county, to be held in perpetuity in trust;" the money "to be raised from the sale of my [her] real estate in the city of Birmingham," and the

annual interest to be expended in the preservation and neat keeping of the graves of the testatrix and certain members of her family. The 12th and last item, or residuary clause, was in these words: "I give and bequeath the residue of my estate, if there shall be a sufficiency left for the purpose," $100 each to the three daughters of William Hunter; "and if any balance after the payment of said $100 each to the three daughters of said William Hunter, I give and bequeath the same to said Lucy A. Johnson." The executor sold the real estate in Birmingham, and charged himself with $3,156.50, as the proceeds of sale; and he paid $800 of this sum to Mrs. Johnson, and asked a credit for it in his account as filed. Litigation arose respecting the bequest contained in the 11th item of the will; a bill in equity being filed by the judge of probate and county commissioners, to enforce the payment of the money to them; and after the rendition of an opinion and decree by this court, dismissing their bill, another bill by the executor, asking instructions from the court as to the validity of the bequest, and the person to whom he should pay the money. This court, on appeal, held the bequest void, but did not decide whether the money should be paid over to the residuary legatee or to the heirs at law.—*Holifield v. Robinson*, 79 Ala. 419; *Johnson v. Holifield*, 79 Ala. 423. The executor's account current, as filed for settlement, showed a balance of over $1,200 in his hands, the greater part of which was the money held on account of this void bequest, which was claimed by the administrator of Mrs. Johnson's estate, on the ground that she was entitled to it as residuary legatee, but was awarded by the court to the heirs at law and distributees, who were the surviving brothers of the testatrix, and the children of deceased brothers and sisters, and distributed among them by the decree; to which ruling and decree the administrator *ad litem* duly excepted.

The errors here assigned are: 1st, the refusal of the court below to charge the executor with interest on the several sums received by him, from the time of their receipt to the time of the settlement; 2d, the refusal to charge the executor with interest on the balance in his hands, from the 14th February, 1884; 3d, the refusal of the court to decree that the personal representative of Lucy A. Johnson was entitled to the $1,000 bequeathed by the 11th item of the will; and, 4th, "so much of the decree as declares that the heirs at law of the testatrix are entitled to the said sum of $1,000 bequeathed by the 11th item of the will."

[Johnson v. Holifield.]

TROY, TOMPKINS & LONDON, for the appellant.—(1.) If the fund is to be treated as personalty, it would certainly pass to the residuary legatee.—*Roberson v. Roberson*, 21 Ala. 273; *Pool v. Harrison*, 18 Ala. 514; *Mahorner v. Hooe*, 48 Amer. Dec. 706; 1 Jarman on Wills, 310, 327; 2 Redf. Wills, 115, 117. On failure of a trust provided in a will, a trust results to the heir at law, unless there is a residuary disposition of the interest.—1 Jarm. Wills, 466. The distinction between a lapsed legacy and a lapsed devise was founded on the rule, since changed by statute, that a devise operated only on land owned by the testator at the time of the execution of the will.—*Atwood v. Beck*, 21 Ala. 590; Code, § 2277; *Brown v. Higgs*, 4 Vesey, 708, note; 2 Redf. Wills, 174; 4 Kent, 542; 1 Jarm. Wills, 293; 20 Beavan, 6; *Prescott v. Prescott*, 7 Metc. 146. The residuary clause, in this case, embraces both real and personal property; and the heir can not take as against the residuary devisee.—*Stewart v. Sheffield*, 13 East, 527; Schouler on Wills, § 522; 1 Jarm. Wills, § 588–9. (2.) The executor was chargeable with interest, because, as his own testimony shows, he mixed the funds of the estate with his own—that is, with the funds of a partnership of which he was a member.—1 Perry on Trusts, § 468; *Clark v. Knox*, 70 Ala. 607; *Clark v. Hughes*, 71 Ala. 163; *May v. Green*, 75 Ala. 162. These cases show, also, that he was liable for interest on account of his delay in making distribution; and the litigation in which he has engaged can not excuse the delay, since he can not take advantage of his own wrong.

GEO. P. HARRISON, Jr., *contra*, cited *Van Kleek v. Ministers*, 6 Paige, 600; *James v. James*, 4 Paige, 115; *Collins v. Wakeman*, 2 Vesey, Jr., 683; *Jones v. Mitchell*, 1 Sim. & Stu. 290; *Gibbs v. Ramsey*, 2 Vesey & B. 294; *Arnold v. Chapman*, 1 Vesey, Sr., 108; *Waring v. Waring*, 17 Barb. 552; *Cook v. Stationers Co.*, 3 Myl. & K. 262.

CLOPTON, J.—Mrs. Mary McLemore, by the eleventh clause of her will, bequeathed to the Commissioners of Roads and Revenues of Chambers county, or to such authority as may direct and control the finances of the county, the sum of one thousand dollars, to be held in perpetuity in trust, the interest to be expended annually in the repair, preservation, and neat keeping of the graves and monuments of testatrix, and four other named persons. The will provided that the money should be raised from the sale of real estate in the city of Birmingham belonging to the testatrix. By a previous clause, the executor was directed to pay to

[Johnson v. Holifield.]

Mrs. Johnson eight hundred dollars of the proceeds of the same real estate. The will contains no express power or direction to sell; and the land was sold under an order of the Probate Court. It having been decided that the commissioners are legally incapable to take the bequest and accept the trust, and subsequently that the bequest itself is void, the question now is, whether the money passes to the residuary legatee, or descends to the heirs at law.

When a testator fails to make a valid and effectual disposition of all his property, the law makes disposition of that part in respect to which he has failed. The disposition is different, as it may relate to a bequest of personal estate, or a devise of real estate. If a testator, in giving a legacy of his personal estate, does not legally dispose of it, so that it shall pass to the intended objects of his bounty, it falls into the *residuum,* and passes to the residuary legatee. But, where a specific devise of real property is not valid and effectual, either from incapacity of the devisee to take, or from a lapse by his death during the life-time of the testator, or from the non-happening of some event or contingency on which the devise takes effect, the estate so undisposed of descends to the heir at law, notwithstanding there may be a residuary devise. It may be, that the operation of the latter rule would be prevented, when the will directs real estate to be sold; and blends the proceeds with · the general personal estate, out of which blended fund pecuniary legacies are payable. But on this question we express no opinion, as the will, though providing that the money shall be raised from the sale of real estate, does not blend the proceeds and the personal estate.

Conceding that the direction to pay the legacy by a sale of real estate implies a power to sell, which when executed is a conversion, every conversion will be regarded as such only for the purposes of the will, unless a different intention is distinctly indicated. On this principle, a direction to convert land into money is *prima facie* intended to effectuate the purposes of the will for which a sale is directed, and is a conversion only so far as the purposes constitute a valid and effectual disposition. The conversion is not absolute. The proceeds of real property directed to be sold for a specified purpose, go to the heir, if such purpose is illegal, or the testator's disposition of the proceeds fails to take effect from any of the causes which would defeat a devise of the *corpus.* The same rule obtains, in respect to the undisposed of proceeds, when real property is directed to be sold for two or more purposes, one of which is illegal, or a part of the proceeds is given to an object incapable of

taking. Says Lord Brougham : " The general principle appears to be, that the heir must be effectually displaced, that he is not to be displaced by inference or implication, but there must appear a clear, substantive, and undeniable intent on the part of the devisor or testator to exclude him; otherwise neither can the next of kin, as being entitled under the statute of distributions, take from the executor, nor can residuary legatees, whether they be the executors or specific legatees of the residue, take more than that which is in its nature residue, to the prejudice of the claims of the heirs at law." A devise to a particular person, or for a specified purpose, will generally be regarded as intended to be an exception from the gift to the residuary devisee. These are the general common-law rules, as settled by the decided weight of authority.—*Amphlett v. Parke*, 2 Russ. & Mylne, 221; *Van Cleek v. R. D. Church*, 6 Paige, 600; *Jones v. Mitchell*, 1 Sim. & Stu. 290; *Massey's appeal*, 88 Penn. St. 470; 1 Jar. on Wills (Big. ed.), 619-632.

Counsel for appellant have not controverted the general rules, but contend that the distinction between invalid and ineffectual legacies of personal estate and devises of real estate, as to the operation of the will in passing the same to the residuary legatee or devisee, has been abolished by the statute, which provides : "Every devise made by a testator in express terms of all his real estate, or in any other terms denoting his intention to devise all of his real property, must be construed to pass all the real estate he was entitled to devise at the time of his death."—Code, § 2277. The argument is, that the distinction was originally founded on the principle, by which a devise of real estate is limited in its operation to lands which the devisor owned at the time of making his will; and as devises of real estate are brought by the statute under the same rule which relates to bequests of personal estate, the reason of the distinction ceases, and the distinction itself should cease. Such has been the ruling in Massachusetts and Maine on similar statutes, though not in the same phraseology, where it has been held, that under the statute all legacies and devises pass to the residuary legatee.—*Prescott v. Prescott*, 7 Met. 246; *Drew v. Wakefield*, 54 Me. 291. A contrary opinion prevails in New York and Pennsylvania.—*Waring v. Waring*, 17 Barb. 552; *Yard v. Murray*, 86 Penn. St. 113. It may be observed, that our statute is almost a literal copy of the New York statute.

We confess our inability to discover any substantial or solid reason, on which the distinction should have been originally established. It had its origin in technical rules

[Johnson v. Holifield.]

of law, growing out of the different estimates of the value and importance of personal and real property; the application of which, in many cases, has lost sight of the cardinal question, what has the particular will done? The rule, independent of statute, that the will as to realty speaks at the date of its execution, and not at the time of the testator's death, as in case of the personalty, rests on the principle, that a devise is in the nature of a conveyance of the particular real estate—otherwise as to the personal estate. Hence, after-acquired lands did not pass, without a re-execution, or a new devise. The statute abrogates this rule; and now a residuary clause, if the terms are sufficiently broad and comprehensive, will pass all the real property which the testator owned at the time of his death, and not otherwise specifically disposed of. To come within the statute, there must be a devise of all the real estate in express terms, or in other terms which denote such intention. The will in consideration contains no devise of real property, in express, or any other terms indicating such intention; but directs its sale, and bequeaths the proceeds, showing an intention to convert it into money for specified purposes.

Notwithstanding such is the character of the will, we should be disposed, in the interest of consistency and harmony in testamentary dispositions, and in view of the effect of the statute to make wills speak at the time of the testator's death as to both personal and real property, to favor, in the absence of other controlling considerations, a construction which operates to abolish the distinction in this respect between real and personal estates, and to apply to the realty described in lapsed and void devises the rule which includes in the residuary clause the personalty described in lapsed and void legacies. But the legislature, it seems, has declared the change and modification of the common-law rules, where there is a specific disposition of real estate, which is invalid and ineffectual. Section 2276 of the Code declares: "Any estate or interest in real property, devised to a person or corporation incapable of taking, descends to the nearest of kin capable of taking; or, if he have no heirs competent to take, to the residuary devisee, if any be named in the will capable of holding such estate; otherwise to the husband or wife; otherwise to the State." This section affirms the rule, that the devised property descends to the heir, in the case of a devise void because of the incapacity of the devisee to take; but modifies it, so as to include the property in the residuary clause, if there is no heir competent to take.

Statutes should be read in the light of the common law,

[Johnson v. Holifield.]

and should not be regarded as infringing its rules, farther than expressed, or fairly implied as requisite to their full effect; and if reasonably susceptible of two constructions, one consistent with the settled principles of the common law, and the other in abrogation, the former will generally be adopted.—*Scaife v. Stovall,* 67 Ala. 237; *Ryan v. Couch,* 66 Ala. 244. Thus reading and construing these sections, and considering them in connection, the conclusion follows, that it was not intended that section 2277 should operate to abrogate the common-law rules in respect to the descent of real property embraced in a lapsed or void devise; and that section 2276 expresses the only change or modification of these rules intended, being restricted to a devise to a person or corporation incapable of taking. But, be this as it may, section 2276 makes express provision as to the descent of the property in the case specified; and the bequest to the County Commissioners comes, if not within the letter, within the spirit of the section. In England, it is provided in terms by the statute, that the residuary clause shall include land described in lapsed and void devises. However desirable it may be to keep abreast with modern legislation, the tendency of which is to remove the distinction between legacies and devises in this respect, and however expedient and wise to introduce this principle, it is more politic and conservative, in view of the present state of the legislation, that it be introduced by legislative action, instead of by judicial construction.

The executor made the statutory affidavit, that he had not used the funds of the estate for his own benefit; and it is shown that he had in coin, or deposited payable to him as executor, an amount more than sufficient to pay the bequest, and was ready and prepared to pay it at any time when determined to whom payable, its disbursement being postponed in consequence of continued litigation. Under these circumstances, the executor, not being at fault, is not chargeable with interest.—*Eubank v. Clark,* 73 Ala. 73.

It appears, however, that the entire sum of one thousand dollars was distributed among the heirs at law, without deducting any costs and expenses. In this, there is error. All the costs and expenses incurred and paid by the executor in the litigation respecting the particular fund, and his commissions for receiving and disbursing it, not including the costs of the final settlement, nor of this appeal, are chargeable thereon, and should be paid therefrom, in exoneration of the residue of the estate.

We observe some other irregularities in the decree; but, as they are not assigned as errors, and no one is complain-

ing, we shall not notice them. For the error mentioned, the decree is reversed, and cause remanded.