(85 South. 493)

**CALDWELL et al. v. CALDWELL et al.**
**(8 Div. 216.)**

(Supreme Court of Alabama. April 8, 1920.)

**1. Wills ⊚⟳481—Will speaks from the testator's death.**

A will speaks as of the testator's death, and whatever estate he then possessed must be held to pass according to its terms.

**2. Wills ⊚⟳449—Presumption against partial intestacy by incorporation of residuary clause.**

There is a presumption of law that testator, by incorporating into his will a general residuary clause, evidences intention not to die intestate as to any personal property, and it is presumed that he took the particular

legacy from the residuary legatee only for the benefit of the particular legatee.

### 3. Wills ☞478 — Estates by implication are disfavored.

In view of Code 1907, § 6158, estates by implication to defeat the heirs at law of the testator are disfavored, and must be based upon clear evidence found in the will itself and the circumstances attending its execution, showing an intention on, the part of the testator, not only to deprive the heirs of their inheritance, but indicating who should take.

### 4. Wills ☞775—Bequest of personalty lapses where legatee dies before testatrix.

Where testatrix bequeathed all her personal property to a named brother who died before her, and there was no residuary clause, the bequest lapses under Code 1907, § 6158, declaring that all property not disposed of by will must be distributed as in case of intestacy, and such property will pass to the heirs at law of the testatrix.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill by E. H. Caldwell and another against D. K. Caldwell and others, to require the executor to file his accounts and vouchers and for a reference to state an account upon a partial settlement of the estate of Almena Caldwell. From the order granting the relief prayed, the respondents appeal. Affirmed.

See, also, 200 Ala. 570, 76 South. 928.

Lawrence E. Brown, of Scottsboro, for appellants.

It clearly appears from the will that it was the intention of the testator that her brothers George and Europe should in no way participate in the distribution of her estate, and, such being the intention, it must be given effect. 202 Ala. 578, 81 South. 80; 202 Ala. 269, 80 South. 107; 202 Ala. 160, 79 South. 645; 202 Ala. 192, 79 South. 564.

Bouldin & Wimberly and John B. Tally, all of Scottsboro, for appellees.

In the absence of an alternate bequest of the personal property, there was no residuary legatee of the personal estate. It therefore lapsed, and must be distributed according to the law of descent. 147 Ala. 287, 39 South. 907; 82 Ala. 123, 2 South. 753; 40 Cyc. 1924–1934 and 1941. Estates by implication to defeat the heirs at law are always disfavored. 98 Ala. 426, 13 South. 744; 62 Ala. 201; 52 Ala. 269; 21 Ala. 205; section 6158, Code 1907.

THOMAS, J. [1] The question at issue depends upon the construction of the will of S. Almena Caldwell, deceased, of date February 9, 1912. A will must be held to speak from testator's death, and whatever estate he then possessed must be held to pass according to its terms. Pearce v. Pearce, 74

South. 952, 958; [1] Dallas Compress Co. v. Smith, 190 Ala. 423, 433, 67 South. 289; Blakeny v. Du Bose, 167 Ala. 627, 636, 637, 52 South. 746.

[2-4] It was agreed at the trial that testatrix died on March 3, 1918; that at the time, of her death her next of kin were her brothers E. H. and G. B. Caldwell, and the children of her brother David King Caldwell, who had theretofore died on November 17, 1914.

The pertinent provisions of the will are as follows:

"Second. I will to my brother, David King Caldwell, all of the personal property of every kind and description which I may own at the time of my death.

"Third. I will to my brother, David King Caldwell, all of the real estate of every kind and description which I may own at the time of my death during his lifetime, for him to use and control and have the profits therefrom as long as he lives, and at his death the said real estate to go to the sons and daughters of my said brother, David King Caldwell, share and share alike, their names being as follows: Frances K. Caldwell, David King Caldwell, Jr., Daisy Caldwell, Irene Caldwell, Eva Caldwell, Lala Caldwell, Dorothy Caldwell, Hamlin Alexander Caldwell, and Elbert Caldwell."

The will contained no alternative bequest of the personal property, no residuary clause as to the personal property. Was a case of lapsed legacy presented by the death of David King Caldwell, and because of no provision in the will for the disposition of the personal property in event of such death before that of testatrix? Code, § 6158; Woodroof v. Hundley, 147 Ala. 287, 39 South. 907; Johnson v. Holifield, 82 Ala. 123, 127–129, 2 South. 753; 40 Cyc. 1925, and many authorities.

The general rule of cases is that, unless a contrary intention appears, it is a presumption of law that a testator, by incorporating in his will a general residuary clause, evidences the intention not to die intestate as to any personal property, and it is presumed that he took the particular legacy from the residuary legatee only for the benefit of the particular legatee. The effect given such presumptions are, as to the prima facie intention of the testator, that—

"If a legacy of personal property lapses or proves ineffectual, the subject-matter thereof will inure to the benefit of the general residuary legatee if there is one, and not to the testator's next of kin or heirs at law." Authorities collected in 44 L. R. A. (N. S.) 790 et seq.

The distinction at common law between a devolution of lapsed legacies and devises is adverted to in Johnson v. Holifield, supra, and our court remarked that no substantial reason existed for a distinction between the devolution of a lapsed devise of real estate

and that of a lapsed bequest of personalty; that the rule had its origin in technical rules of law growing out of the different estimates of value as between personalty and real property, the application of which in many cases lost sight of the cardinal question of the interpretation of wills, the intent of the testator. Jemison v. Brasher, 202 Ala. 578, 81 South. 80; Rutland v. Emanuel, 202 Ala. 269, 80 South. 107; Gunter v. Townsend, 202 Ala. 160, 79 South. 644; Pearce v. Pearce, supra; Ralls v. Johnson, 200 Ala. 178, 75 South. 926. However, estates by implication to defeat the heirs at law of the testator are disfavored, and must be based upon clear evidence found in the will itself and the circumstances attending its execution, showing an intention on the part of the testator, not only to deprive them of their inheritance, but indicating who should take such property by devise or bequest. Code, § 6158; Denson v. Autrey, 21 Ala. 205, 209; Banks v. Sherrod, 52 Ala. 267, 270; Whorton v. Moragne, 62 Ala. 201; Wolffe v. Loeb, 98 Ala. 426, 13 South. 744.

The reasoning of our cases is supported by the text-writers. Schouler on Wills, §§ 545, 546; Beach on Wills, § 334; Jarman on Wills, § 307.

There are no equivocal clauses contained in the will of the testatrix. The bequest is specific. Having failed by the death of David King Caldwell, and no residuary clause being contained in the will, there is no room for construction. A case of lapsed legacy as to personal property is presented, and must be administered and distributed, as in case of intestacy, by the executor with the will attached.

The trial court did not err in requiring the executor to give a bond.

The judgment of the circuit court is affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes