CASE 32.—ACTION BY THE CITY OF LOUISVILLE AGAINST
H. B. COOKE AND ANOTHER TO RECOVER CITY
TAXES.—November 9, 1909.

## City of Louisville v. Cooke, &c.

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

Judgment for defendants, plaintiff appeals.—Reversed.

1. Wills—Creation of Life Estate—Conditions—Creation of Debts.—A will devising a life estate to testator's son on condition that, if a judgment was entered against him subjecting his interests in the property or its use or income for his debts, the estate would cease at the date of the judgment, though appealed from, is valid.
2. Wills—Construction——Judgment for Taxes.—Under such will that a judgment was entered against the life estate for taxes and the estate ordered sold was not such a debt as determined the estate as it was testator's intention that only debts created by the act of the son himself could have that effect.

C. B. BLAKEY and J. M. CHILTON for appellant.

C. B. SEYMOUR for appellees.  No briefs in the record.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The will of George G. Cooke, made in the year 1893, contained among other things the following provision: "All the balance of my estate of every

character and description, real, personal and mixed, and including the estates in remainder heretofore mentioned in this will, I hereby devise in equal parts to my two sons, H. Brent Cooke and J. Esten Cooke upon the following trusts and with the following limitations, to-wit: The part devised to each of them shall be held by him for his own benefit for the period about to be mentioned, but without any power in him to sell or encumber the same, or to anticipate its income or in any way subject same to his debts, for and during his natural life or until a court of competent jurisdiction shall by a judgment hold that his interest in said property, or its use or income is liable to be subjected to his debts or liable to be sold or encumbered by him, or to have its rents and profits anticipated by him, with remainder after such death or judgment to my grandchildren now born or to be hereafter born, per capita and not per stirpes, but in case of the death of any such grandchild, leaving descendants, before the termination of the particular estate, the interest he or she would have taken shall go to his or her descendants. And though such judgment should be appealed from, still it is my will that said beneficial interest of that son against whom such judgment shall be entered shall cease and determine at the date of the judgment appealed from.'' The city of Louisville instituted this action against H. Brent Cooke and J. Esten Cooke to recover the city taxes for the years 1906 and 1907 on property which they had received under this clause. They filed an answer, in which they claimed to have a defeasible life estate in the property. Thereupon the city filed an amended petition setting up the conditions under which they held the life estate in the land, and asked for a sale of their life estate to sat-

isfy the payment of the taxes. They demurred to the amended petition. Their demurrer was overruled, and a judgment was rendered against them for the taxes, adjudging that their life estate was subject to the payment of the debt; that under the will their life estate thereupon ceased, and the title to the property vested in their children. Leave was given to the city of Louisville to proceed against the grandchildren of George E. Cooke for the taxes and a sale of the property. The city of Louisville appeals.

It was held in Bull v. Ky. Nat. Bank, 90 Ky. 452, 14 S. W. 425, 12 Ky. Law Rep. 536, 12 L. R. A. 37, that a provision in a will such as that before us is valid. By section 2998, Ky. Stat., all taxes remaining uncollected on the first day of May shall be deemed a debt from the taxpayer to the city, arising as by contract and may be enforced as other contract debts, where the taxpayer is under no disability; but this statute was passed long after the will in question was made. The thing that the testator had in mind was to provide against his two sons selling or incumbering the property in any way or making it subject to debts of their own creation. He had in mind debts voluntarily created by them, not charges created by law without their volition. He had in this provision of his will no reference to the taxes required for the support of the state or municipal government. Their life estate may be sold to pay the taxes without its being terminated as provided in the will. The testator had no intention to so fix the estate as to shield it from taxation or to provide that, if his sons did not pay the taxes on the estate, it should go to his grandchildren.

Under the pleadings the court should have entered a judgment subjecting the life estate of the defendants in the property to the tax claims. If this fails to pay the taxes, the city may be allowed to amend its petition and bring the grandchildren before the court and subject the remainder.

Judgment reversed and cause remanded for further proceedings consistent herewith.