[Tatum v. Commercial Bank & Trust Co.]

# Tatum *v.* Commercial Bank & Trust Co.

## *Assumpsit.*

(Decided February 5, 1914. 64 South. 561.)

1. *Attachments; Property Subject; Interest of Devisees.*—Under section 2940, Code 1907, the interest of a son under the will of his father devising to his nine children all his real estate subject to the life estate of their mother, and subject to a trust condition that if the youngest child living at the death of the life tenant should be under thirty years of age, the property should be kept together, and the rents and profits divided until such child should arrive at the age of thirty years, when it should be sold and the proceeds divided. was some kind of a legal estate, and was subject to attachment.

2. *Wills; Construction; Nature of Estate and Interest Created.*—Under the will in this case the interest of one child was not so blended with nor inseparable from that of the others as to render it inalienable or exempt from being subject to such one's debt.

3. *Judgment; Equitable Conversion; Nature of Action.*—The circuit court in an action at law cannot declare and enforce an equitable conversion.

4. *Bills and Notes; Fraud and Undue Influence; Defense as Against Bona Fide Purchaser.*—The fact that the payee of the notes induced the maker to execute them by fraud and undue influence would not defeat the collection of the same in the hands of a bona fide purchaser.

5. *Same; Failure of Consideration.*—Failure of consideration is a complete defense to an action upon a note by the payee or any one claiming under him other than a bona fide purchaser.

6. *Same; Pleading.*—Where the action was upon a note by a purchaser and the maker set up the defense of failure of consideration, the purchaser should have replied that he was a bona fide purchaser, since section 5014, Code 1907, does not change this rule of pleading.

7. *Same; Accommodation Paper.*—Under section 4984, Code 1907, the accommodation maker of a note is liable to a holder for value notwithstanding the holder knew him to be only an accommodation party.

8. *Same; Evidence.*—The evidence examined and held not to show that plaintiff was a purchaser for value before maturity.

9. *Same; Bona Fide Purchaser.*—A bank does not become a purchaser in due course for value by crediting a note upon the payee's account. if the proceeds are not absorbed by antecedent indebtedness or exhausted by subsequent withdrawals.

10. *Appeal and Error; Harmless Error; Pleading.*—Sustaining demurrers to defendant's pleas setting up failure of consideration was not rendered harmless because the demurrer was overruled as to another plea which also contained the averment of failure of consideration, as such pleas was broader than the other.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Assumpsit by the Commercial Bank & Trust Company against Howell Tatum, with garnishment in aid of suit served upon A. H. Arrington, and attachment levied upon real estate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The notes sued on as set out in the complaint were executed by Howell Tatum, payable to Loren B. Williamson, 33 in number of various amounts, aggregating $10,000, all made in 1911, on various dates, and payable four months after date to the order of L. B. Williamson. The complaint alleges that each of said notes was dated at Louisville, Ky., and being negotiable and payable at the Commercial Bank & Trust Company, and each bearing interest from date at 6 per cent., each being past due and unpaid and the property of the plaintiff, having been by the payee therein indorsed in blank.

The following are the pleas referred to in the opinion: (7) "Defendant was at the time of the making of the note sued on a young man having just attained his majority only a few months prior thereto; that L. B. Williamson, whose name appears on each of said notes, induced defendant to sign each of said notes upon the assurance that nothing would ever come of it, and that defendant would not be liable for one cent on account of any of said notes; that defendant ever since he had been about 16 years of age had lived in the home of the said Williamson continuously up until the time he executed the said notes, and had been reared by the said L. B. Williamson in a quasi parental relation, and had been trained in business by him, and was working for him in the insurance business at the time of the execution of said notes, and at the time defendant's name was

signed thereto; that by reason of his undue influence on defendant the said L. B. Williamson induced defendant to sign the said notes, and assured defendant that it would mean nothing to defendant, and would not result in any liability upon defendant by reason of the signing of any of said notes." (8) "Defendant had, since he was about 16 years of age, lived in the home of one L. B. Williamson, who was the beneficial party on each of said notes, and defendant so lived with him almost continuously until after the execution of the notes sued upon; that the said notes were renewals of notes previously given with the same names as parties thereto; and that many, if not all, of said notes which preceded the renewal thereof, were executed while defendant was yet in his minority, and incapable of making a contract; that both at the time said original notes and renewals thereof were executed, the said Williamson assured defendant that the act of putting his name upon said notes and the renewals thereof would be of no consequence to defendant and fix no liability upon him; and defendant was then working for said L. B. Williamson and drawing a salary for services in the insurance business, and was so subject to the influence of the said L. B. Williamson that he unhesitatingly signed the said notes and the renewals thereof, and heard nothing further of the transaction or of the payment or nonpayment of any of said notes, or renewals thereof until the bringing of this suit, and defendant says that plaintiff had notice of the said undue influence exerted upon defendant in signing the said notes and each of them, and took the notes with such knowledge, and defendant received no consideration for said notes or either of them." (9) Same as 7 in all particulars with the added averment: "And defendant avers that plaintiff had knowledge of the undue influence which the said L. B.

Williamson had over defendant, and defendant received none of the consideration of said notes, or either of them. And defendant further avers that the said notes were payable to said L. B. Williamson, and that said Williamson and not defendant received the consideration therefor, and that no consideration moved from defendant to said Williamson for the signing of said notes or either of them." (10) "Williamson was the payee of said several notes, and defendant was the maker thereof, and that as between said maker and said payee there was no consideration therefor, and plaintiff bought said notes with knowledge that there was no such consideration."

Defendant interposed a motion to quash the attachment levied upon the real estate based upon the ground that the main suit arose upon promissory notes executed in Louisville, Ky., and payable in Louisville, Ky., which said notes were executed by defendant, who was a nonresident of Alabama, to a holder and plaintiff who is a nonresident of Alabama, and because that the alleged interest in said real property of defendant in Alabama was not subject to such levy under the laws of Alabama, and because the levy was made upon an interest in real property which does not bear a legal title, or a less legal estate. The will referred to is that of William Tatum, father of defendant, and gives and bequeaths to his wife, Ida Tatum, the personal property absolutely, and all the real estate of every kind and description for and during the term of her natural life, to be hers and used by her as she may see fit, and subject to the life estate of his wife, the real estate is given to nine children, and such other children as may be born, share and share alike, subject to a trust condition, which is that, if the youngest child living should be under 30 years old at the time of the death of the life

tenant, said property be kept together, and until that time should be rented out and controlled by William Tatum, a son, and the rents and profits divided. Upon the death of the life tenant, and the arriving at the age of 30 of the youngest child, it is directed that the real estate be sold to the best advantage as soon as practicable, and the proceeds divided as per previous directions.

CHARLES L. HAROLD, for appellant. The property could not be subjected by an attachment or even by judgment creditors, and hence, the court erred in overruling the several motions to dissolve or vacate the attachment levied.—*Allen v. Watts*, 98 Ala. 384; 17 Cyc. 954; 9 Cyc. 834 and cases cited. The judgment is void as having been obtained without jurisdiction.—4 Cyc. 806. The interest of Tatum under the will was a contingent remainder and not subject to attachment.—Sec. 2940, Code 1907; 15 South. 644; 31 Atl. 76. The court erred in sustaining demurrers to the defendant's pleas 7 and 9.—*Shahan v. A. G. S.*, 116 Ala. 302; *Slaughter v. First Nat. Bank*, 109 Ala. 157; *Trammell v. Hudmon*, 56 Ala. 237. It not appearing from the complaint that plaintiff was a holder in due course, and defendant having set up failure of consideration and fraud, plaintiff should have replied showing that he was a holder in due course, and this rule of pleading is not changed by the negotiable instrument law.—*Stone v. Goldberg*, 60 South. 746; *Norris v. Merchants Bank*, 57 South. 71. Counsel discuss other matters, but in view of the opinion, it is not deemed necessary to set them out. By supplemental brief counsel insists that the evidence does not disclose that the bank was a bona fide purchaser for value as it merely placed the proceeds to the credit of the payee, and it is not shown to have been extinguish-

ed by antecedent debts or subsequently withdrawn.—
150 U. S. 231; 1 Pac. 579; 49 How. Pr. 318; 80 Hun.
258; 67 N. W. 1105.

GUSTAVE F. MERTINS, for appellee.    Tatum owned
such an interest in the property and in the will as was
subject to levy and sale under attachment.—Sec. 2940,
Code 1907; *Rugeley v. Robinson,* 10 Ala. 738; *Robert-
son v. Johnson,* 36 Ala. 203; *Jones v. Reese,* 65 Ala.
141; 2 How. Pr. 405; 30 N. Y. Supp. 343; 21 N. E. 84;
107 N. Y. 535; *Higgins v. Waller,* 57 Ala. 401; *Foster
v. Holland,* 56 Ala. 474; *Andrews v. Russell,* 127 Ala.
195.    The presumption is that the bank was a bona fide
purchaser for value.—29 Pa. St. 365.    Therefore, there
was no error in sustaining demurrers to the pleas.—
96 Md. 299; 106 Pa. St. 170; 9 S. & R. 229.

ANDERSON, C. J.—Section 2940 of the Code of
1907, authorizes the levy of an attachment on real es-
tate of the defendant whether he own a fee-simple or
any less legal estate.    That the will of defendant's fa-
ther gave him some legal estate in the land in question
there can be no doubt.    As to the nature and extent of
same, and as to whether or not it is liable to be divested
by his failure to survive a certain period, or as to the
extent of the title or interest a purchaser may acquire
under an execution sale, is a question of very serious
doubt and uncertainty and is one that we are not now
called upon to decide.    "Sufficient unto the day is the
evil thereof."    Nor do we think that the interest of the
defendant is so blended with and inseparable from that
of the other devisees under the will that a severance
would prove destructive of the purposes of the gift or
trust so as to prevent the defendant's right to alienate
the property or to exempt it from being subjected to the

[Tatum v. Commercial Bank & Trust Co.]

payment of his debts.—*Jones v. Reese,* 65 Ala. 134; *Rugely v. Robinson,* 10 Ala. 702.

It is suggested by appellant's counsel that, as the will of defendant's father expressly and unconditionally directs a sale of the land at a certain time and a distribution of the proceeds, this would operate as an equitable conversion of the land into personal property. This contention may or may not be sound.—*Allen v. Watts,* 98 Ala. 384, 11 South. 646; *Flomerfelt v. Siglin,* 155 Ala. 633, 47 South. 106, 130 Am. St. Rep. 67. In any event, this question can be determined only by a court of equity, as the circuit court, in this action at law, had no authority to declare and enforce an equitable conversion, even if the will operated as such. The trial court did not err in declining to dissolve or vacate the attachment.

Pleas 7 and 9 may be duplex, and it may be that so much thereof as attempts to set up fraud, growing out of undue influence, is not sufficient, as the chief representation alleged as to Williamson the payee is that the defendant would not have to pay the note and that he (Williamson) would hold him harmless. This was no more than the legal opinion of Williamson that the defendant would not be liable and perhaps a guaranty by him that he would pay the notes, but these facts would not defeat a collection of the notes in the hands of a bona fide purchaser. These pleas, however, sufficiently showed no consideration between the defendant and the payee Williamson, and set up a complete defense to the notes at the suit of Williamson or any one holding under him other than a bona fide purchaser, and there is no averment in the complaint that the plaintiff was a purchaser for value before maturity. Under our practice, however, the plaintiff should have set up this fact by way of replication to the pleas.—*Slaughter v. First Nat-*

*Bank,* 109 Ala. 157, 19 South. 430; *Ala. Bank v. Halsey,* 109 Ala. 196, 19 South. 522. Nor do we understand that section 5014 of the Code of 1907 changes this well-established rule of pleading. It is also true that under section 4984 of the Code the accommodation maker is liable to a holder for value, notwithstanding the holder knew him to be only an accommodation party; but the defense as set up in pleas 7 and 9 was good and could only be met by a proper averment that the plaintiff was a purchaser for value before maturity, and said pleas were not subject to the grounds of demurrer interposed to same. Nor did the defendant get the full benefit of same under plea 8, to which the demurrer was overruled, as said plea was broader than pleas 7 and 9.

It might be that we could say that the rulings as to the pleas was error without injury, under the new rules, if the undisputed evidence showed that the plaintiff was a purchaser for value before maturity; but the evidence does not establish this fact, as the witness Westfield testified that he discounted the notes for cash and placed the proceeds in the plaintiff bank to Williamson's credit. He does not testify to giving Williamson any money or of extinguishing or crediting any existing debt due from Williamson to the bank. He does testify that these notes have never been paid and that the bank has other unpaid notes; but, from aught that appears, this money was in bank to the credit of Williamson when this suit was brought. A bank does not become a purchaser in due course, for value, by crediting a note upon payee's account, if the credit is not absorbed by antecedent indebtedness or exhausted by subsequent withdrawals.—*McKnight v. Parsons,* 136 Iowa, 390, 113 N. W. 858, 22 L. R. A. (N. S.) 718, 25 Am. St. Rep. 265, 15 Ann. Cas. 665; *Ala. Grocery Co. v. First Nat. Bank of Ensley,* 158 Ala. 143, 48 South. 340, 132 Am. St. Rep. 18.

[Holt, et al. v. Hermann & Hynde.]

Moreover, the defendant was entitled to the general charge for the reason that the plaintiff took issue upon plea 10, which was proven beyond dispute. It would not be a good defense, if the plaintiff was a purchaser for value of the note, but as long as the plea was in, and no replication was interposed to same, proof of same entitled the defendant to a verdict.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and DE GRAFFENRIED, JJ., concur.