(93 South. 405)

GOODWYN v. CASSELS et al.   (3 Div. 564.)

(Supreme Court of Alabama.   May 11, 1922.)

1. Perpetuities ⬅➡3—Code rule held inapplicable where purchase price was personalty.

The rule of Code 1907, §§ 3410, 3417, forbidding perpetuities, *held* to have no application to title to property bought by trustees for a home for testator's widow as directed by the will or to its alienation by the trustees, where the purchase price paid by them after testator's

death was personal property at the death of testator, notwithstanding the trustees were empowered to sell for reinvestment only.

2. Conversion ⬅➡15(1)—Devise to trustees with directions to convert into cash held one of money, and not of realty.

Where a testator directed that his real property be sold and converted into money immediately on his death, and loaned out on real estate mortgages, the doctrine of equitable conversion applied, so that the trust estate was governed by the laws relating to personal property, rather than by those relating to land.

3. Trusts ⬅➡191(1)—Trustees under will held authorized to convey title to realty purchased.

Where a will directed trustees to convert realty into money and to purchase a lot for the erection of a residence for decedent's widow, although no part of the estate was to be disposed of except for reinvestment, the trustees, upon deciding not to erect such residence after having purchased the lot, had such title and interest therein as to be able to convey the lot.

4. Perpetuities ⬅➡1—Common-law rule applies to personal property.

The common-law rule against perpetuities applies as to bequests of personal property.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill by S. J. Cassels and James M. Rogers, as trustees under the will of Thomas Sloan Young, against the heirs of said Young, for the construction of will. From a decree declaring power in said trustees to make title to property conveyed to them as such, the guardian ad litem appeals. Affirmed.

The bill makes respondents "the widow and all the children and grandchildren of said Thomas Sloan Young by his said widow," alleging that all except the grandchildren therein named are over the age of 21 years. It is alleged that Thomas Sloan Young died leaving a last will and testament, duly probated.

Paragraphs 3 and 4 of the bill read:

"That plaintiffs duly qualified as executors of said last will and testament, and accepted the trust imposed by said will, and have been since administering the said trust. That under and by virtue of the provisions of said will, and the powers imposed upon them thereby, they did, about, to wit, October 30, 1917, purchase from Annie A. Roquemore and C. H. Roquemore, her husband, a vacant lot situated in the town of Cloverdale, in the county of Montgomery, and state of Alabama, at and for the sum of $3,350, a copy of the deed conveying the said property to plaintiffs being hereto attached marked Exhibit B, and made a part hereof, with leave of reference thereto as often as may be necessary. That the lot conveyed by said deed is described as follows, to wit: [Proceeding with a description of the property.]"

"That, as is stated on the face of the said deed, plaintiffs purchased the said lot' anticipating that it would be used to build a resi-

dence thereon, the said residence, when completed, to be used as a home for Cora C. Young, the wife of the said testator, Thomas Sloan Young, and their children, pursuant to the authority given plaintiffs by the terms of said last will and testament.

"(4) That since the purchase of said lot plaintiffs, after consulting with the said Cora C. Young, and the children of said Cora C. Young and Thomas Sloan Young, concluded not to construct the said residence, and determined to sell and dispose of the said lot, and did thereafter enter into an agreement to sell the same, and, upon investigation of the title to the lot made by the attorneys representing the proposed purchaser, said attorneys expressed doubt as to the power of plaintiffs to convey a good and valid title to the property, and declining to approve the title unless the authority and power of plaintiffs to convey a good title was determined by a court of competent jurisdiction; that, in order to have such determination made, it becomes necessary that the will of said T. Sloan Young be construed in connection with the deed obtained by plaintiffs from Annie A. Roquemore and C. H. Roquemore, her husband, so that the power and authority to make a valid conveyance of the said lot to the proposed purchaser can be judicially ascertained and determined."

The prayer is for a construction of the will to the end of determining the power of the trustees to sell and convey the lot in question.

Pertinent parts of the will exhibited with the complaint read as follows:

"Item I. * * *

"2. It is my will and desire that said trustees shall immediately after my decease take possession of all my said property and estate and convert the same into cash. They shall then proceed as rapidly as practicable to loan the said estate on real estate mortgages in the South preferably improved city real estate, and in no case shall the loan exceed sixty per cent. of the value of the real estate loaned on. I prefer that they do not buy any real estate except a home for my wife and children living together. For the purpose of this trust said trustees are hereby authorized and empowered to sell any of my property either at public or private sale and on such terms as they may think best without applying to any court for authority to make such sale, and to the reinvestment of such proceeds the purchaser shall not be bound to look. No part of my estate shall be disposed of by the said trustees except for the purpose of reinvestment.

"3. It is my will and desire that during the natural life of my beloved wife Cora C. Young, if she should not remarry, or until her marriage if she should remarry, said trustees shall apply all of the net interest and income, or so much thereof as may be necessary, to the support and maintenance of my said wife, and the support and maintenance and education of her child or children by me begotten, and at her death or remarriage the said trustees shall apply all of the net interest or income, or so much thereof as may be necessary, to the support, maintenance and education of her child or children by me begotten, and when any such child or children shall have arrived at the age of twenty-one years (21) it shall rest in the sound discretion of said trustees whether he, she or they shall be supported, maintained or educated from such interest and income. The descendants of any such child who may be deceased shall not be entitled to any portion of such interest and income. And should there be a surplus from such interest and income any year, said trustees shall invest the same as aforesaid for the benefit of my said wife and children and shall have the same powers with reference to said surplus as with reference to said original estate. At the division and distribution of my estate as hereinafter provided the said surplus shall be considered a part of my said estate hereby devised and bequeathed.

"4. It is my will and desire that after the death or remarriage of my beloved wife and the arrival of my youngest child at the age of twenty-five (25) years, and not sooner, all of my estate including such as may be the result of reinvestment by said trustees shall vest in my child or children, share and share alike, the children of my deceased child taking the share their parent would take if living at that time.

* * * * * * * * *

"Item III. I hereby nominate, constitute and appoint my said friends Samuel Jones Cassels and James M. Rogers, executors of this my last will and testament, and hereby relieve the said executors from the necessity of filing any inventory or appraisement or of filing any annual final or other returns to any court or other authority, except only that this will shall be duly probated according to law. Any successors to the said executors, trustees and guardians shall give such bonds and make such settlements as may be required by law.

"Item IV. I hereby direct that in the event of the death or resignation of either or both of my said friends Samuel Jones Cassels or James M. Rogers, a court of competent jurisdiction shall appoint a successor or successors to serve as executors, trustees and guardians to take the place of either or both that may have died or resigned it being contemplated by me that there shall be such two executors, trustees and guardians."

The adult respondents filed written consent for a decree empowering the trustees to convey the property herein involved. The guardian ad litem, appearing for the minor grandchildren, filed demurrers to the bill, taking the points that by neither the will nor the deed were the trustees empowered to sell, and that, under the terms of the will, the minor respondents have a contingent remainder interest in the lot which cannot be defeated by a sale by the trustees.

Tyler Goodwyn, of Montgomery, for appellant.

The infant respondents have a contingent interest, which cannot be defeated by conveyance from trustees. Code 1907, § 3401; 109 Ala. 528, 20 South. 370; Code 1907, § 3410 et seq.; 168 Ala. 505, 53 South. 244.

Steiner, Crum & Weil, of Montgomery, for appellee.

Lands acquired with trust money by trustees having express power to invest can be sold by trustees for reinvestment. 94 Tex. 339, 60 S. W. 544; (Ky.) 66 S. W. 413; 57 Ala. 423; 131 Ala. 117, 30 South. 466, 90 Am. St. Rep. 22. Interest of grandchildren not contingent, but vested. 32 Ala. 709; 17 Ala. 119; 127 Ala. 201, 28 South. 703; 116 Ala. 265, 22 South. 561; 182 Ala. 535, 62 South. 673; 6 Port. 507.

THOMAS, J. Cardinal rules for the construction of wills need not be repeated. Smaw v. Young, 109 Ala. 528, 20 South. 370; Duncan v. De Yampert, 182 Ala. 528, 62 South. 673; Ralls v. Johnson, 200 Ala. 178, 75 South. 926; Gunter v. Townsend, 202 Ala. 160, 79 South. 644; Jemison v. Brasher, 202 Ala. 578, 81 South. 80; Lyons v. Bradley, 168 Ala. 505, 53 South. 244; Crawford v. Carlisle, 206 Ala. 379, 89 South. 565.

Generally speaking, words employed in a will are of two classes, peremptory or precatory; of direct and positive terms, as distinguished from entreaty, request, desire, wish, or recommendation. Within the latter class fall these words of Mr. Young's will:

"I prefer that they [trustees] do not buy any real estate,"

—and in the former are the words:

"Said trustees shall immediately after my decease take possession of all my said property and estate and convert the same into cash. * * * Said trustees are hereby authorized and empowered to sell any of my property either at public or private sale * * * and to the reinvestment of such proceeds the purchaser shall not be bound to look. No part of my estate shall be disposed of by the said trustees except for the purpose of reinvestment."

It should be stated that testator evinced no intent to create a trust "for the purpose of accumulation only" (22 Am. & Eng. Encyc. of Law [2d Ed.] p. 727, § VIII; Code, 1907, § 3410; Pearce v. Pearce, 199 Ala. 491, 74 South. 952; Campbell v. Weakley, 121 Ala. 64, 25 South. 694), but a trust for the objects and subjects of testator's bounty.

[1] The rule of sections 3410, 3417, of the Code has no application to the title to the lot in question or its alienation by said trustees, since the purchase price paid by said trustees after testator's death was personal property at the date of the death of testator; wills operating, not from the date of execution, but that of the death of the testator (Caldwell v. Caldwell, 204 Ala. 161, 85 South. 493; Crawford v. Carlisle, supra; Gray's Perpetuities, § 231; 5 M. A. L. § 243); or, if in lands, was required to be converted "into cash" by express direction given in section 2, item I, of Mr. Young's will. It was, by the doctrine of equitable conversion, personal property.

[2] Under the maxim that equity regards as done that which ought to be done (Craig v. Leslie, 3 Wheat. 563, 578, 4 L. Ed. 460; 21 C. J. § 191, p. 201), it is established that, where a testator directs the lands or other properties to be sold and converted into money on his death, there takes place what is known as an equitable conversion; and, so far as concerns the will of testator as to the land of his estate held at his death or thereafter purchased or acquired by his trustee as a part of the trust estate, it becomes converted, under this doctrine, into money, and is governed by the laws relating to personal property rather than that relating to land (Hibler v. Oliver, 193 Ala. 369, 375, 69 South. 477; Flomerfelt v. Siglin, 155 Ala. 633, 639, 47 South. 106, 130 Am. St. Rep. 67; Taylor v. Crook, 136 Ala. 354, 377, 34 South. 905, 96 Am. St. Rep. 26; Allen v. Watts, 98 Ala. 384, 388, 11 South. 646; Moore v. Campbell, 102 Ala. 445, 14 South. 780; Johnson v. Holifield, 82 Ala. 123, 2 South. 753; High v. Worley, 33 Ala. 196). See, also, McKleroy v. Musgrove, 203 Ala. 603, 615, 84 South. 280; Tatum v. C. B. & T. Co., 185 Ala. 249, 255, 64 South. 561; Bispham's Principles of Equity (6th Ed.) § 307 et seq.; 3 Pom. Eq. Jur. (3d Ed.) §§ 1160–1162. If an imperative provision in a will directs that testator's real estate be sold, the doctrine of equitable conversion is not inapplicable merely because the same is not to be accomplished until some specified future time. Massey v. Modawell, 73 Ala. 421; High v. Worley, supra; 1 Tiffany's Real Prop. (2d Ed.) §§ 118, 120, 316. This doctrine of conversion is applicable in applying the rule against perpetuities. Gray's Rule Against Perpetuities, §§ 264, 265, 266.

It is provided in section 2 of item I of the will:

"It is my will and desire that said trustees shall immediately after my decease take possession of all my said property and estate and convert the same into cash. They shall then proceed as rapidly as practicable to loan the said estate on real estate mortgages in the South preferably improved city real estate, and in no case shall the loan exceed sixty per cent. of the value of the real estate loaned on."

The direction for conversion of the property of the estate "into cash" (money—1 Words and Phrases) immediately after testator's death and the taking possession of the properties and affairs of the estate by the trustees is imperative; there was an equitable conversion, and the devise is that of money. Cropley v. Cooper, 19 Wall. 167, 22 L. Ed. 109, 113; Neilson v. Lagow, 53 U. S. (12 How.) 98, 107, 13 L. Ed. 909, 913; Benham v. Taylor, 46 U. S. (5 How.) 233, 12 L. Ed. 130, 147. The doctrine had no application to the facts in Lyons v. Bradley, supra, and Crawford v. Carlisle, supra.

The will declared imperatively that "no part of my estate shall be disposed of by the said trustees except for the purpose of reinvestment," and conferred on the trustees the

right to sell any part of the trust estate for such purpose, and implies a power of sale of property acquired by reinvestment. Perry on Trusts (5th Ed.) § 764 et seq.; Scottish-American Mortg. Co. v. Massie, 94 Tex. 339, 60 S. W. 544; First Nat. Bank v. Lee (Ky.) 66 S. W. 413.

In the execution of the trust in accordance with the intention of the testator, manifested by his will, the legal title to the "home for my [his] wife and children living together," when acquired, vested and remained in the trustees, subject to the use or estate provided by testator. This was necessary to enable the trustees at all times during the administration to execute the trust declared. As to the vacant lot described in the bill and purchased with moneys of the estate, the will was mandatory to sell, and, of necessity, to convey in fee simple absolute, when not to be used for the erection thereon of the dwelling for testator's wife and children, testator's properties being required by the will to be immediately converted into cash, and to do this it was necessary that the trustees convey "a legal estate" that was vested in the trustees, or "commensurate with the interest which they must convey in execution of the trust." Neilson v. Lagow, supra, 53 U. S. (12 How.) 107, 13 L. Ed. 913. Such was the testamentary direction and necessity as to the lands not used as a home for the "wife and children living together." The power to purchase real estate for a home for testator's wife and children living together was broad enough to buy or build such a home. The purpose for which the lot was originally purchased did not change or affect the power and duties of the trustees to convert same into money by a sale when it was not used as a home.

Pursuant to the foregoing view, the conveyance to the lot or land made the subject of the bill, from grantors Annie A. Roquemore and husband to the trustees, was to the trustees on such terms as to indicate the particular property was purchased for the purpose of the trust (Gulf Red Cedar Co. v. O'Neal, 131 Ala. 117, 30 South. 466, 90 Am. St. Rep. 22; McRae's Adm'r v. McDonald, 57 Ala. 423); the habendum et tenendum clause of that conveyance being:

"To have and to hold the aforegoing premises to the said grantees, their successors and assigns, forever, as joint trustees, under the conditions and trusts set forth in the last will and testament of Thomas Sloan Young, duly probated in Savannah, and especially that provision authorizing the purchase of a home for his wife, Cora C. Young, and their children, with power to sell the same at their pleasure at public or private sale and without the order of any court for the purpose of said will."

[3] Construing the provisions of Mr. Young's will in respects as it affects the title to the

unimproved lot located within the state of Alabama, we conclude the subject by saying that the trustees under the will have such title and interest to the lot described in the bill and the right to convey to the purchaser such a title to the same as they held.

[4] It may be well to say, in reply to argument of counsel, that, in the ascertainment of the respective interests of legatees, the rule of the common law against perpetuities has application to a bequest of personal property, and has not been violated by testator. Crawford v. Carlisle, supra; Lyons v. Bradley, supra.

It is unnecessary to observe that appropriate action may be taken by the trustees to comply, or, on their failure, by the widow and children desiring to live with her to compel compliance, with the provisions of the will as to providing a home. Had not such authority been given in section 2 of item 1 of the will for providing a home for the "wife and children living together" from the corpus of the estate, it was contained in the provisions of section 3, disposing of the net income of the estate, viz.:

"If she [the wife] should not remarry or until her marriage if she should remarry, said trustees shall apply all of the net interest and income, or so much thereof as may be necessary, to the support and maintenance of my said wife, and the support and maintenance and education of her child or children by me begotten," etc.

See Ralls v. Johnson, supra; Pearce v. Pearce, 199 Ala. 491, 74 South. 952; Coleman v. Camp, 36 Ala. 159.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.