(102 So. 450)

**HARTWELL et al. v. MOBILE TOWING & WRECKING CO. (1 Div. 342.)**

(Supreme Court of Alabama. Dec. 18, 1924.)

**1. Trusts ☞51—Restriction in trust instrument designed to defeat claims of creditors against property of cestui void.**

All debtor's property, legal or equitable, except homestead and personalty exempted, is subject to payment of his debts, though coming by gift or devise in trust so limited that continued beneficial enjoyment is assured to cestui, and any restriction in instrument creating trust designed to defeat claims of creditors against such property is void.

**2. Wills ☞1—Testator may impose any conditions on bequest not violative of law or public policy.**

Owner of property may dispose of it by will, select object of his bounty, and impose such conditions on bequest as he may elect, if not violative of law or public policy.

**3. Trusts ☞12—Testator may create trust with limitation over in case of cestui's inability to personally enjoy fruits of gift.**

Testator may create trust for beneficial use of cestui on condition that, when he cannot personally enjoy fruits of gift, they shall pass to another, as in case of bankruptcy, insolvency, seizure under execution or attachment, or other proceeding against res to subject it to payment of debt.

**4. Wills ☞446—Construed to uphold testator's disposition of property, if consistent with sound policy.**

Wills should be construed so as to uphold testator's disposition of property, if possible, consistently with sound policy.

**5. Trusts ☞12—Provision terminating trust with limitation over to another, on step taken to subject money to payment of cestui's debts, held valid.**

Clause in will declaring that trust created thereby in favor of testator's son should terminate at once, if claim were made or step taken to subject money to payment of son's debts, and that entire trust fund should pass to testator's niece in such case, held not contrary to public policy.

**6. Trusts ☞147(1)—Title held not assignable to innocent purchaser by cestui under trust terminable on step taken to subject fund to payment of his debts.**

Title of cestui under testamentary trust, declared terminable on claim made or step taken to subject fund to payment of cestui's debts, with limitation over to another in such case, held not assignable by cestui to innocent purchaser, so as to enable former to get full benefit of bequest, thereby rendering it contrary to public policy; legal title being in trustee, and purchaser of cestui's equity taking with full notice of and subject to all conditions imposed by will.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by the Mobile Towing & Wrecking Company against Harry T. Hartwell and others. From a decree overruling demurrer to the bill, respondents appeal. Reversed and remanded.

The bill is filed by Mobile Towing & Wrecking Company against Harry T. Hartwell, Irma Hartwell Johnson, and First National Bank of Mobile.

Briefly, the averments are:

Complainant recovered a judgment against Harry T. Hartwell, April 27, 1922, for $71,507.02, which judgment was duly registered in the office of the judge of probate. Guy J. Hartwell, brother of Harry T. Hartwell, died March 3, 1924, leaving a will, which was probated March 21, 1924, and First National Bank appointed executor. By the will the following bequest was made to Harry T. Hartwell:

"I give and bequeath to the said First National Bank the sum of five thousand dollars ($5,000.00) in trust for the following use and purpose: That is to say, the said First National Bank is to receive from my estate the sum of five thousand dollars and is to invest the same in such securities as the said First National Bank may deem to the best interest of this trust, and the income from same paid to my brother, Harry T. Hartwell, said trust to continue during the life of Mrs. Harry T. Hartwell, and at the death of Mrs. Harry T. Hartwell I wish this trust to terminate at once, and said five thousand dollars, with any unpaid income therefrom, paid over to my said brother, Harry T. Hartwell. This trust is made and created upon the express condition that neither the principal of the trust or any income therefrom is to be subject to the payment of any debt of the said Harry T. Hartwell, now existing or hereafter created, and if any claim is made or step taken to subject any money under this trust to the payment of any such debts, or should the said Harry T. Hartwell die before the death of Mrs. Harry T. Hartwell, then this trust shall terminate at once and the said five thousand dollars, with any unpaid income therefrom, turned over to the fund for the benefit of my niece, Irma

Hartwell Johnson, provided for in section '2' hereof, and said sum form a part of said trust fund.

"The reason for not providing more liberally for my brother, Harry T. Hartwell, is because of having made advances to and for him in large sums of money and valuable property. The advances so made constitute a liberal provision for him."

The bill avers that the attempt to free the bequest to Harry T. Hartwell from liability for debt is against public policy and void. The prayer is that all the income derived from the fund held in trust be subjected to complainant's decree, and that, in case Harry T. Hartwell should survive his wife, the corpus of the fund be so applied.

Defendants demurred upon the ground, stated in varying language, that the bequest as shown by the bill is not against public policy, but is valid; that Harry T. Hartwell has no interest in the fund subject to complainant's demand; and that the beneficial interest in the trust estate has vested in Irma Hartwell Johnson. From a decree overruling the demurrers this appeal is taken.

Lyons, Chamberlain & Courtney and Wm. B. & C. C. Inge, all of Mobile, for appellants.

A testator may legally provide that a bequest shall cease on the happening of an event which would subject it to the claim of creditors or devisees, and then limit it over to a third person. Mebane v. Mebane, 39 N. C. 131, 44 Am. Dec. 104; Bottom v. Fultz, 124 Ky. 302, 98 S. W. 1037; Nichols v. Eaton, 91 U. S. 716, 23 L. Ed. 254; Nichol v. Levy, 5 Wall. 441, 18 L. Ed. 596; Bramhall v. Ferris, 14 N. Y. 41, 67 Am. Dec. 113; Bull v. Ky. Nat. Bank, 90 Ky. 452, 14 S. W. 425, 12 L. R. A. 37; Louisville v. Cooke, 135 Ky. 261, 122 S. W. 144, 135 Am St. Rep. 457; 39 Cyc. 241; 40 Cyc. 1811, 1707; Hill v. McRae, 27 Ala. 182; Shelton v. King, 229 U. S. 90, 33 S. Ct. 686, 57 L. Ed. 1086; Taylor v. Harwell, 65 Ala. 14; In re Luscombe's Will, 109 Wis. 186, 85 N. W. 341.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

Where the provisions of a will are such that the beneficiary can by any device enjoy property devised or bequeathed, without being subject to debts, such provision is against public policy. Under the present will the beneficiary could have transferred his rights to a third person before the filing of complaint. Rugely & Harrison v. Robinson, 10 Ala. 702; Smith v. Moore, 37 Ala. 329; Robertson & Pettibone v. Johnston, 36 Ala. 197; Jones v. Reese, 65 Ala. 134; Taylor v. Harwell, 65 Ala. 13; Riordan v. Schlicher, 146 Ala. 615, 41 So. 842; 26 R. C. L. "Trusts," § 112. When an estate is granted upon a condition precedent which is against public policy, the estate does not vest. If, on the other hand, a vested estate is defeated by the happening of a condition against public policy, the estate is not thereby defeated. Harrison v. Harrison, 105 Ga. 517, 31 S. E. 458, 70 Am. St. Rep. 60; S. A. L. v. Anniston Mfg. Co., 186 Ala. 275, 65 So. 187; Elyton Land Co. v. S. & N. A., 100 Ala. 396, 14 So. 207.

BOULDIN, J. The suit may be considered a bill by a judgment creditor to subject equitable assets of the debtor to the payment of the judgment.

[1] In Alabama, the law subjects all the debtor's property, legal or equitable, other than the homestead and limited exemptions of personalty, to the payment of his debts.

It is a part of our public policy that one shall not enjoy the benefits of the ownership of property without its burdens. Even property coming by gift or devise in trust, so limited that the continued beneficial enjoyment is assured to the cestui que trust, is subject to his debts. Any restriction in the instrument creating the trust, designed to defeat the claims of creditors against such property, is void.

"There cannot be a legal or equitable right in or to property, or to its rents, income, or profits, not so blended with the rights of others as to be incapable of separation and identification, that may not, by some appropriate remedy, in law or in equity, according to the nature of the case, be condemned to the satisfaction of debts. It is violative of public policy, and in fraud of the rights of creditors, to create a well-defined beneficial interest, legal or equitable, in property, real or personal, or in its rents, income, or profits, which can be enjoyed by an insolvent debtor, free from liability for the payment of debts." Taylor v. Harwell, 65 Ala. 13; Jones v. Reese, 65 Ala. 134; Smith v. Moore, 37 Ala. 327; Robertson & Pettibone v. Johnston, 36 Ala. 197; Rugely & Harrison v. Robinson, 10 Ala. 702.

[2] On the other hand, the laws of Alabama fully recognize the right of the owner of property to dispose of it by will, to select the objects of his bounty, and to impose such conditions upon the bequest as he may elect, so long as they are not violative of the law, or public policy of the state.

[3] This right of the testator to dispose of his own and the right of the creditor in the property of the debtor present the question before us for solution. Admittedly, under the law of Alabama, if the condition declaring that neither the income nor principal of the trust should be subject to the debts of Harry T. Hartwell stood alone, it would be void as against public policy. The will further declares that, "if any claim is made or step taken to subject any money under this trust to the payment of such debts, * * * then this trust shall terminate at once," and then follows a limitation over passing the entire trust fund to the testator's niece. The limitation over, upon the conditions stated, presents the real question at

issue. In none of our cases above cited was there a conditional estate, with limitation over, as here.

It seems in some states a testator may, by the intervention of a trustee, secure to the cestui que trust the beneficial use of the trust fund free from his debts, without a limitation over. Where, as in Alabama, this cannot be, the rule prevails that the testator may create a trust for beneficial use of the object of his bounty so long as he may personally enjoy the fruits of the gift, with condition that when it cannot be so enjoyed it shall pass to another of his selection. Accordingly, it is held in such cases that a limitation over in case of bankruptcy, insolvency, seizure under execution or attachment, or other proceeding against the res to subject it to payment of debt, is valid. This rule, and the ground on which it is rested, is well stated in Bramhall v. Ferris, 14 N. Y. 41, 67 Am. Dec. 113, as follows:

"It may and should be conceded that if the bequest to Myron H. Ferris had been given to him absolutely for life, with no provision for its earlier termination, and no limitation over in the event specified, any attempt of the testator to make the interest of the beneficiary inalienable, or to withdraw it from the claims of creditors, would have been nugatory. Such an attempt would be clearly repugnant to the estate in fact devised or bequeathed, and would be ineffectual for that reason, as well as upon the policy of the law: Blackstone Bank v. Davis, 21 Pick. 42; Hallett v. Thompson, 5 Paige, 583; Graves v. Dolphin, 1 Sim. 66; Brandon v. Robinson, 18 Ves. 429. This doctrine, however, and the cases on which it rests, do not deprive a testator of the power to declare effectually that the bequest shall cease on the happening of an event which would subject it to the claims of creditors, and then to give it a different direction. 'There is,' said Lord Eldon, in Brandon v. Robinson, supra, 'an obvious distinction between a disposition to a man until he becomes a bankrupt, and then over, and an attempt to give him property and to prevent his creditors from obtaining any interest in it, although it is his.' See, also, Shee v. Hale, 13 Pa. 404; Lewes v. Lewes, 6 Sim. 304; and Graves v. Dolphin, supra. This distinction is one of substance, and we think the principle on which it depends will sustain the will of the testator in the present case. If a testator may provide that his bounty bestowed upon one person shall cease and go to another on the occurrence of bankruptcy, I can see no reason why he may not do so in the event of an execution returned unsatisfied, followed by a creditors' suit and judgment therein. * * *

"He was under no obligation, legal or moral, to give his property so that the creditors of Myron could take it from him or his family. His moral duty and his duty to the state were greater to save Myron and his family from want or from being a burden on the public than to devote his property to pay his son's creditors. There is therefore no public policy which should frustrate the testator's intention."

Strikingly similar language is employed in Hill v. McRae, 27 Ala. 182. See, also, Shelton v. King, 229 U. S. 90, 33 S. Ct. 686, 57 L. Ed. 1089; Nichols v. Eaton, 91 U. S. 716, 23 L. Ed. 254; Mebane v. Mebane, 39 N. C. 131, 44 Am. Dec. 102; City of Louisville v. Cooke, 135 Ky. 261, 122 S. W. 144, 135 Am. St. Rep. 457; Bottom v. Fultz, 124 Ky. 302, 98 S. W. 1037; Bull v. Kentucky National Bank, 90 Ky. 452, 14 S. W. 425, 12 L. R. A. 37; In re Luscombe's Will, 109 Wis. 186, 85 N. W. 341; Thornton v. Stanley, 55 Ohio St. 199, 45 N. E. 318; Sears v. Choate, 146 Mass. 395, 15 N. E. 786, 4 Am. St. Rep. 320; Brandon v. Robinson, 13 Ves. Jr. 429; 40 Cyc. 1707; 39 Cyc. 240.

[4] Wills should be construed so as to uphold the disposition of his property made by the testator, if they can be so construed, consistently with sound policy.

[5] The more we consider the case before us, the more we are impressed with the justice of the rule announced in the foregoing authorities.

Reading the entire section of the will of Guy J. Hartwell, it may be paraphrased thus:

"While I have heretofore, by advances of large sums of money and valuable property, made liberal provision for my brother, Harry, still he is my brother. I want to give him something, if he can get the benefit of it. I do not feel my estate should go to pay his debts, and am determined it shall not go to that purpose. I cannot give him any absolute title, nor unconditional use, else I will subject it to his debts. So I will make a bequest in trust for his use, to be held by the grace of his creditors. When they express their dissent by proceeding against the bequest, I claim the right to determine the next object of my bounty, and declare it shall go to my niece."

What wrong is done Harry's creditors? There was no wrong in Guy's interest in his brother. Neither laws nor morals aim at severing the ties of blood, nor silencing the call of affection. There was no wrong in withholding his estate from the creditors of another. They had no claim thereon in law or morals. Existing creditors did not properly contract on the faith of payment from the estate of another. Future creditors contract with notice of the conditions.

Public policy is aimed at a condition or system by which estates may be so limited that the debtor may have the continued use of property, while his creditors go unsatisfied; that the debtor remain full-handed, while his creditor is turned away empty.

No such conditions accompany this bequest. So far as the beneficiary is concerned, the creditors hold the whiphand. The aid given by the bequest enables the debtor to devote more of his income and energy to the payment of his debts. The condition attached warns him to keep out of debt or keep his creditors satisfied he is doing what he can for them. He holds at their will and by their grace. We think Guy J. Hartwell

was within his rights in declaring that upon the event named in the will this fund should become the property of his niece.

[6] It is suggested in argument that the interest of Harry T. Hartwell in the trust estate was assignable; that by assignment he could pass title to an innocent purchaser, and so get the full benefit of the bequest. We cannot see how he can pass to another a higher right than is vested in him.

The fund is held in trust; the legal title is in the trustee. If assignable, the purchaser of his equity would take with full notice, and subject to all the conditions imposed by the will. We think the case unlike that presented in Riordan v. Schlicher, 146 Ala. 615, 41 So. 842, and Rugely & Harrison v. Robinson, 10 Ala. 721.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

THOMAS, J. (concurring). I agree with the opinion that the trust is valid. It is within the statute. Henderson v. Henderson, 210 Ala. 73, 85; [1] You v. Flinn, 34 Ala. 409. The provisions made were not to be enjoyed by the grace of the creditors of Harry T. Hartwell, but by reason of the valid trust provisions in the premises and within the statute.

