168 So. 446

FIRST NAT. BANK OF MOBILE et al. v. HARTWELL.

1 Div. 909.

Supreme Court of Alabama.

May 21, 1936.

Wm. B. & C. C. Inge, of Mobile, for appellants.

Harry T. Smith & Caffey and Frank S. Coffin, all of Mobile, for appellee.

THOMAS, Justice.

This decision requires a construction of certain provisions of the will of Guy J. Hartwell, deceased, which was not necessary for decision in Hartwell et al. v. Mobile Towing & Wrecking Co., 212 Ala. 313, 102 So. 450.

In the former decision it was held that the trust was with limitation over to another on step being taken to intercept or subject moneys to be paid to the cestui que trustent; was valid and not contrary to public policy and to terminate the interest so provided by the testator for his brother. A discussion of this subject is found in Henderson et al. v. Henderson et al., 210 Ala. 73, 97 So. 353.

The same person files this bill to declare his interest in and to recover payments made by the personal representative to other legatees; his contention being that this was in contravention of complainant's right as heir at law of the testator to the portions of his property of which it is alleged that Guy J. Hartwell died intestate.

It will be noted that complainant filed the bill in this case on November 1, 1935, against appellants to set aside certain decrees of settlement, for an accounting, and prays a decree for moneys represented by the legacy in Guy J. Hartwell's will to Mrs. J. C. Pritchett by reason of her death before testator's. It is insisted by the appellant First National Bank of Mobile that such interest fell into the residue of said estate, and under appropriate provisions of the will were disposed of according to the manifest and expressed intent of the testator.

Mr. Hartwell's will was probated and letters testamentary issued on March 21, 1924. A report of partial settlement was made on June 29, 1925, distributing to the legatees $1.75 for each $1 bequeathed. In that report it was made known to the court that Mrs. J. C. Pritchett, a legatee, had died before the death of the testator and her legacy had lapsed; that appellee was the only heir at law of the testator, and the legacy to him had lapsed or terminated, under the terms of the will, by the creditor's effort to appropriate appellee's interest. Hartwell et al. v. Mobile Towing & Wrecking Co., 212 Ala. 313, 102 So. 450. It was ordered that July 22, 1925, was the day fixed for such partial settlement, and directed that due notice be given by publication, and citation issued to Harry T.

Hartwell and other resident parties at interest. This record shows that citation as to the proposed settlement was personally served on Harry T. Hartwell. At the appointed time for such partial settlement, a decree was entered allowing the accounts filed by the personal representative and ordering a distribution to all legatees named in the will, except to Mrs. J. C. Pritchett, whose legacy had lapsed by her untimely death, and to Harry T. Hartwell, whose legacy had lapsed by reason of said creditor's suit. Hartwell et al. v. Mobile Towing & Wrecking Co., supra.

Four years later, on the 26th day of September, 1929, appellant, First National Bank of Mobile, as executor of the estate of Guy J. Hartwell, deceased, filed a report and accounts for final settlement; the recitations in the report for final settlement being substantially the same as those in the report for partial settlement with respect to the several parties in interest. The court's order appointed October 22, 1929, as the day for passing on that petition, and directed that notice issue and publication be made, and that citation be personally served on the legatees. "No reference was made therein to Harry T. Hartwell"; his interest under the will had been declared terminated by rendition of the decree on December 18, 1924.

On the day appointed—October 22, 1929 —a final decree was rendered, reciting notice by publication as ordered, passing upon and allowing the accounts of such personal representative, and directing the amounts to be paid each of the legatees. It did not include the lapsed legacies of Mrs. J. C. Pritchett and Harry T. Hartwell for reasons we have indicated.

The bill of complaint is aided by exhibits (Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90); as the order appointing October 22, 1929, as the day for final settlement, the decree so rendered on that date, and the order of confirmation. The answer is also aided by exhibits; as reports and decrees with reference to partial settlement.

■ The ruling on demurrer, from which this appeal is taken, must be considered with the bill and its exhibits, without regard to the answer and its exhibits; and all doubt as to pleading is resolved against this pleader.

An effort is made by appellee and his bill to set aside the final decree, (1) on the ground that no notice of such petition and action of the court was ever served upon him, and (2) to charge the appellant bank with the legacy to Mrs. J. C. Pritchett, and charge the legatees with their proportionate parts, which complainant claims should have gone to Mrs. J. C. Pritchett had the legacy to her not lapsed by reason of her death preceding that of the testator; that is, the bill claimed that the legacy to Mrs. J. C. Pritchett was not disposed of by the residuary clause of the will; that as to that legacy decedent was intestate, and, as the only heir at law and next of kin of Guy J. Hartwell, deceased, complainant took the same.

■ The law applicable to several phases of the will in question is well understood and need not be restated. The testator's intention, if legal, is the law of the instrument (Ralls et al. v. Johnson et al., 200 Ala. 178, 75 So. 926; You v. Flinn, 34 Ala. 409; Henderson et al. v. Henderson et al., 210 Ala. 73, 97 So. 353); and such intention must be gathered from the whole will when all of its parts are construed in a right relation to each other, taking due consideration of the testator's scheme manifested by the will itself, so as, if possible, to form one consistent whole. In case of an apparent repugnancy, the general intent of the testator, as declared by the will, must be preferred to the special intent. The residuary clause, notwithstanding its position, is in legal effect the last clause of a will (Ralls et al. v. Johnson et al., supra; Myrick v. Williamson et al., 190 Ala. 485, 67 So. 273).

The questions recur as to the intent of the testator: Was the interest of Mrs. J. C. Pritchett disposed of by other provisions of the will? Did Mr. Hartwell die intestate as to that legacy, or was it devised, bequeathed, and effectually disposed of by the residuary clause of the will? If the residuary clause was effective as to it, that property was not the subject of the statute of descent and distribution.

There are two provisions in the will which refer to Mrs. Pritchett; sections 2 and 5 reading as follows:

"2. I give and bequeath to the First National Bank of Mobile, Alabama, the sum of Twenty Thousand Dollars ($20,000.00) in trust for the following use and purpose: That is to say, the said First National Bank is to receive from my estate the sum of Twenty Thousand Dollars ($20,000.00) and

is to invest the same in such securities as the said First National Bank may deem to the best interest of this trust, and the income therefrom paid by monthly installments to my niece, Irma Hartwell Johnson, said trust to continue until my said niece, Irma Hartwell Johnson, reaches the age of forty years, at which time said .Twenty Thousand Dollars, with any unpaid income therefrom is to be paid over to my niece, Irma Hartwell Johnson. Should my said niece, Irma Hartwell Johnson, die before she reaches forty years of age, I wish this trust to terminate at once and said Twenty Thousand Dollars, with any unpaid income therefrom, divided into three equal parts, and one part paid over to my aunt, Mrs. J. C. Pritchett, one part paid over to my uncle, J. W. White, and his wife, and one part paid over to my cousin, Mrs. Mamie Laffre. In case of the revocation by death of any of the persons receiving one of the parts, the part or parts so lapsing shall be paid to the party or parties surviving; the death of J. W. White or his wife, one or the other (not both) not to affect the part set apart to them."

"5. I give and bequeath to my aunt, Mrs. J. C. Pritchett, the sum of Five Thousand Dollars ($5,000.00)." ·

It is important to note that Mrs. Irma Hartwell Johnson died before she reached the age of forty, and Mrs. J. C. Pritchett died before the death of the testator.

The will is its own interpreter as to where Mrs. Johnson's legacy went after her death and before the time indicated in section 2. And, if complainant (as pleaded and argued) renounced any claim to the legacy provided under section 2, it will be laid out of consideration as for the ruling on demurrer.

Mrs. Pritchett having died before the death of testator, were the other provisions of Mr. Hartwell's will sufficient to prevent intestacy as to this or other lapsed legacies?

■ The cardinal rules of construing wills according to the intention of the testator in connection with this legacy bring us to the further and well-established rule that, where the testator evidences, by the will, the intent to treat land as personalty, or personalty as land, an equitable conversion arises, and is effective when executed according to the power vested. Goodwyn v. Cassels et al., 207 Ala. 482, 484, 93 So. 405; First Nat. Bank of Lincoln v. Cash et al., 220 Ala. 319, 125 So. 28.

■ It is further well-established that a lapsed legacy passes to the residuary legatee as personal property, when that intention is so evidenced. Caldwell et al. v. Caldwell et al., 204 Ala. 161, 162, 85 So. 493; Henderson et al. v. Henderson et al., 210 Ala. 73, 97 So. 353; Johnson v. Holifield, 82 Ala. 123, 127, 2 So. 753.

■ Were there provisions for disposition of the residue of the estate and for an equitable conversion to the end of full distribution of the testator's estate?

It is provided by section 11 of the will: "It is my wish and desire that my executor, hereinafter named, liquidate and reduce to cash all of my estate, except the real estate specifically devised, as soon after my death as is practicable using its discretion as to the time and manner of liquidation so that the best interests of my estate will be conserved. Inasmuch as practically all of my estate is now in investments, it is difficult, if indeed possible, to say with any degree of accuracy what cash will be derived from liquidation. On this account it is my wish, and I hereby direct, that the money bequests be increased or decreased proportionately according to the amount of the respective bequests according to the sum realized from liquidation. That is to say, should more money be received from liquidating my estate and converting it into cash than is necessary to pay the pecuniary legacies herein made, the excess is to be prorated among the legatees according to the amount of the respective legacies; and should the amount of cash received from the liquidation of my estate be insufficient to pay the pecuniary legacies provided in my will to be paid, the amount of the deficiency is to be ascertained and the pecuniary legacies reduced proportionately according to the amount of each pecuniary legacy respectively."

This section evidences testator's purpose for an equitable conversion, and that he did not die intestate as to any of his properties; that the residue, after paying specific bequests, shall go and be paid pro rata to those taking under the will, and that their respective legacies be increased or decreased proportionately according to the final conversion and liquidation of the estate. This is the rule of the law and the clear intention of the testator, gathered from the whole will. Ralls et al. v. Johnson et al., 200 Ala. 178, 75 So. 926.

There is nothing in the will that indicates a testamentary intent to treat cash from lapsed legacies differently from other property to be distributed. This intention of the testator is supported by the provisions of sections 12, 13, 14, 15 and 16, indicating trust and confidence, making for certainty of distribution, providing against intestacy for the prevention of litigation about the meaning of his will or the beneficiaries to enjoy his property. Such is the declared intent when the provisions of section 4 stating his intent as to his brother, complainant here, are likewise considered.

When the whole will is looked to, the manifest purpose and expressed intent of the testator was, that he did not intend that his brother (the complainant) have an interest in a lapsed legacy; this for the further and expressed reason that, had he such an interest, it would be subject under the law to that brother's debts, and the observation of testator in section 4, that he had made advances to complainant that "constitute a liberal provision for him."

We are of the opinion, and so hold, that the terms of the residuary and equitable conversion clause indicate the intent that the excess of the personal estate over the stipulated legacies be apportioned among the "paid legacies," and that this is the expressed intention and fact whether the excess resulted from liquidation or from failure of a legacy or legacies.

We need not observe that it is axiomatic that a testator has the right to dispose of his property, within the law, as he wishes and so duly expresses. This is the effect of the power of disposition by testament. And one possessing that power has the right to do the necessary and incidental thing to effectuate disposition without uncertainty, delay, contest, or unnecessary litigation.

It follows from the foregoing that the complainant took no other interest or part of the legacy provided for Mrs. J. C. Pritchett, and had no interest, under the will or under the estate, on which to rest his maintenance of the bill (Gunter v. Townsend et al., 202 Ala. 160, 79 So. 644; Wise v. Miller et al., 215 Ala. 660, 111 So. 913); and the demurrer to the bill was improperly overruled.

It results from this view and judgment that the questions presented, as those of due process or of laches, need not be discussed.

The decree of the circuit court is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.