14 So.2d 506

**ANTONE v. SNODGRASS et al.**

**8 Div. 225.**

Supreme Court of Alabama.

June 30, 1943.

Proctor & Snodgrass, of Scottsboro, for appellees.

THOMAS, Justice.

The matter presented by the appeal raises the question as to whether any of the properties devised by J. D. Snodgrass in his last will and testament may be subjected to the payment of the debts of his son J. D. Snodgrass, Jr.

The learned counsel for appellant cites in support of his contention Jones v. Reese, 65 Ala. 134; Rugely & Harrison v. Robinson, 10 Ala. 702. There are other cases to like effect. Taylor v. Harwell, 65 Ala. 1; Robertson v. Johnston, 36 Ala. 197. These cases were considered by Mr. Justice Bouldin in Hartwell et al., v. Mobile Towing & Wrecking Co., 212 Ala. 313, 102 So. 450, 451, wherein it was observed:

"* * * the laws of Alabama fully recognize the right of the owner of property to dispose of it by will, to select the objects of his bounty, and to impose such conditions upon the bequest as he may elect, so long as they are not violative of the law, or public policy of the state. * * *

"No such conditions accompany this bequest. So far as the beneficiary is concerned, the creditors hold the whiphand. The aid given by the bequest enables the debtor to devote more of his income and energy to the payment of his debts. The condition attached warns him to keep out of debt or keep his creditors satisfied he is doing what he can for them. He holds at their will and by their grace. * * *" [Italics supplied].

Wills with provisions like that before us were sustained in Henderson v. Henderson, 210 Ala. 73, 97 So. 353; First National Bank of Mobile v. Hartwell, 232 Ala. 413, 168 So. 446; Henderson v. Sunseri, 234 Ala. 289, 174 So. 767. The above cases are in line with the opinion of Judge Stone in You v. Flinn, 34 Ala. 409.

Milo Moody, of Scottsboro, for appellant.

In 119 A.L.R. 44 it was said that in Hartwell v. Mobile Towing & Wrecking Co., 212 Ala. 313, 102 So. 450, where there was a "provision for forfeiture of a beneficiary's interest, with limitation over, if his creditors should attempt to reach it," the will was held valid. And further that "it has been held that creditors could not reach the interest of one of several concurrent beneficiaries of a trust, where his interest was not separable from that of others. Hill v. McRae, 27 Ala. 175, and Bell v. Watkins, 82 Ala. 512, 1 So. 92, 60 Am.Rep. 756."

Mr. Snodgrass set up a trust in certain properties that was severable from the bequests and devises to other children, yet it is not subject to the payment of the debts of J. D. Snodgrass, Jr., because of limitations contained in the testamentary trust. Tatum v. Commercial Bank & Trust Co., 185 Ala. 249, 64 So. 561; Hartwell v. Mobile Towing & Wrecking Co., supra.

The provisions of the will of Mr. Snodgrass touching the matter will be embraced in the statement of the facts. Under the foregoing authorities, no property was devised or bequeathed to the son J. D. Snodgrass, Jr., which was subject to equitable interference or subject to the debts of said son.

It results from the foregoing that the decree of the circuit court is without error and due to be affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.